

**Justin R. Marino**, Principal   d: (212) 939 – 7228   f: (212) 531-6129
a: 75 Maiden Lane, Suite 402, New York, NY 10038   e: jmarino@stevensonmarino.com

October 23, 2018

VIA ECF

Honorable Roanne L. Mann
Chief United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Mason et al. v. Lumber Liquidators*
           17-cv-04780 (MKB) (RLM)

Dear Chief Magistrate Judge Mann:

     This office represents Plaintiffs in the above-captioned case. We write pursuant to Rule III.A. of Your Honor's Individual Rules and Practices to request the Court's intervention concerning various discovery issues. These discovery issues include (1) Plaintiff's assertion of attorney/client privilege (hereinafter, "Privilege") over communications related to their classification of the Store Manager ("SM") and Store Manager in Training ("SMIT") Position (collectively, the "Positions") while simultaneously asserting an absence of willfulness and implicitly asserting a good faith defense, (2) the scope of discovery concerning Defendant's nationwide policies and practices, and (3) Plaintiff's requests to admit upon Defendant's declarants. Plaintiffs believe a Court conference would be helpful in resolving these issues.

- *Attorney/Client Privilege*

    Defendant's counsel, Littler Mendelson, P.C. took over the case from Jackson Lewis P.C. in or about January 2018. In doing so, Defendant amended their Answer to eliminate the previously-asserted seventh affirmative defense (i.e., "Defendant has acted in good faith and with reasonable grounds for believing that it had not violated the relevant provisions of federal and/or state law . . . ."). *See* Answer (filed Nov. 20, 2017, dkt 12). In the Amended Answer, however, Defendant asserted that

> Plaintiffs cannot establish a willful violation under the FLSA or the
> New York Labor Law. The FLSA limitation period should be two
> years. Liquidated damages cannot be recovered under the NYLL.

*See* Amended Answer, Seventh Affirmative Defense (filed Feb. 16, 2018, dkt 26).

    Plainly, Defendant removed the "good faith" defense asserted in the Answer to avoid waiving attorney-client communications concerning the classification of its Store Managers and Store Managers In Training. *See Scott v. Chipotle Mexican Grill, Inc.*, 67 F.

Supp. 3d 607 (S.D.N.Y. Dec. 18, 2014) (finding a waiver of the Attorney/Client Privilege where Defendant asserts a good faith defense). Here, however, Defendant attempts to have its cake and eat it too by continuing to object and withhold documents on the basis of attorney/client privileged, while (1) denying willfulness, (2) denying a three-year statute of limitations should apply under the FLSA, and (3) claiming liquidated damages cannot be recovered under the NYLL. *See* Amended Answer, Seventh Affirmative Defense.

By claiming "liquidated damages cannot be recovered," Defendant implicitly alleges their actions were done in good faith, as good faith is a necessary element to avoid the imposition of liquidated damages. *See Meidenbauer v. Zenith Acquisition Corp.,* 2018 U.S. Dist. LEXIS 82738, *53 (stating that "the question of good faith would be relevant to whether Defendants could avoid paying an additional amount as liquidated damages.") (citing N.Y.L.L. § 663(1)); *Gonzalez v. Masters Health Food Serv.*, 2017 U.S. Dist. LEXIS 139174, *51 (S.D.N.Y. July 27, 2017) ("Liquidated damages are also available under NYLL 'unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law.'") (citing NYLL §§ 198(1-a), 663(1)). Accordingly, Defendant has waived Privilege.

Moreover, even Defendant had only asserted their actions were not willful, such defense similarly waives the Privilege, as the justifications in *Chipolte* are equally relevant in a willfulness defense (i.e., a defendant cannot both obtain the benefits of an affirmative defense where information pertaining to that affirmative defense is purportedly off-limits due to Privilege). Here, Plaintiff has no way to determine whether Defendant's actions were willful without ascertaining whether Defendant was advised by counsel that the Positions were misclassified.

Defendant presently references an objection based upon privilege as to nearly every discovery request asserted (*see Exhibit 1, Defendant's Answers to Plaintiff's Third Set of Document Requests)*, as well as produced a privilege log referencing advice between Littler and Defendant.[1] *See* Exhibit 2, Privilege Log. In addition to the foregoing, Defendant changed the pay practices in or about December 2016 for the Positions, yet there is no privilege log identifying communications between counsel and Defendant. Accordingly, the privilege log itself is wholly incomplete and, in any event, all Privilege with regard to the communications referenced therein are waived based on the foregoing.

- *Nationwide Policies and Practices and Opt-in Discovery*

Presently, discovery has focused on the named Plaintiffs, as conditional certification has not been granted. Plaintiffs sought all information concerning the named Plaintiffs, themselves, as well as policies and procedures effecting all SMs and SMITs

---

[1] Notably, there is no privilege log with respect to communications between Jackson Lewis and Defendant. Plaintiff understands Jackson Lewis was the main advisor to Defendant during the 2016 change in pay practices of the Positions, yet there is not even a privilege log for Jackson Lewis' interactions with Defendant. Moreover, Plaintiffs believe Jackson Lewis was removed from the case due to their potential involvement as a fact witness – as a result of providing advice to Defendant concerning the classification of these Positions.

Honorable Roanne L. Mann
Page 3 of 3

nationwide. Defendant, however, refuses to provide any policies or procedures that do not expressly pertain to the Named Plaintiffs. Plaintiffs contend this is far too restrictive and precludes obtaining additional information in support of a class adjudication efforts.

Presently, the parties have not exchanged information concerning opt-in Plaintiffs, as no class/collective has been certified, but the parties anticipate conducting such discovery, based upon a representative sampling given the sheer number of opt-ins Plaintiffs, when conditional certification is granted.

- *Plaintiffs' Requests To Admit*

Through Defendant's interrogatory responses and Rule 26 disclosures, Defendant identified twenty-four individuals for whom they obtained declarations from. In response, Plaintiff issued approximately 38 largely identical requests to admit to each declarant, which seeks information that counsel would likely exclude from a declaration. *See* Exhibit 3, Excerpt of Requests to Admit. Defendant has advised that they will seek to move for a protective order by claiming such information is unduly burdensome, not proportional, and otherwise irrelevant. Plaintiffs believe these objections to be without basis. First, the individuals are relevant, as Defendant itself identified these individuals and spent considerable time and resources interviewing and taking sworn statements from each of them. Second, the requests to admit are not burdensome, as they seek straight-forward information (i.e., have you "cleaned the bathroom"), which requires only truthful answers. Third, serving requests to admit is far less burdensome than deposing each and every individual, who likely work throughout the country. The simple fact is that Defendant's will likely rely on these declarations in opposition to future motions before this Court, and these requests to admit will be helpful in gauging the completeness of such declarations.

- *Defendant's Production*

Presently, there are five Plaintiffs and thirteen opt-in Plaintiffs that worked all around the country. While both Parties spent considerable time engaging in mediation efforts, including discovery related exclusively to mediation, Plaintiffs are presently concerned about the lack of production to-date coupled with the upcoming December 7, 2018 discovery deadline. Specifically, Defendant's production presently includes 1,079 documents, in a case where we should have hundreds of thousands of documents (e.g., daily store-wide emails for each Plaintiff; nationwide policies and practices; complaints by putative class/collective members; etc.). Plaintiffs are alarmed at the likelihood of receiving a data dump within the next few weeks on the eve of taking 30(b)(6) depositions and defending the named Plaintiffs' depositions. We do not fault Defendants, as the counsel for the parties have worked diligently together in a cooperative manner to resolve our differences and engaged in numerous meet and confer conferences. Nonetheless, we request a court conference to address these issues so that we can address these issues

Very truly yours,

**/s/ Justin R. Marino**
Justin R. Marino

cc:   Defendant's Counsel (via ECF)