ROANNE L. MANN
UNITED STATES MAGISTRATE JUDGE

DATE: November 19, 2018
START: 3:00 pm
END: 4:15 pm

DOCKET NO: 17-cv-04780

CASE: Mason et al v. Lumber Liquidators, Inc.

- [ ] INITIAL CONFERENCE
- [x] DISCOVERY CONFERENCE
- [ ] SETTLEMENT CONFERENCE
- [ ] MOTION HEARING
- [ ] OTHER/ORDER TO SHOW CAUSE
- [ ] FINAL/PRETRIAL CONFERENCE
- [x] TELEPHONE CONFERENCE
- [ ] INFANT COMPROMISE HEARING

| PLAINTIFF | ATTORNEY |
|---|---|
|  | Justin Marino |
|  | J. R. Stevenson |
|  |  |

| DEFENDANT | ATTORNEY |
|---|---|
|  | Christine Hogan |
|  |  |
|  |  |

- [ ] DISCOVERY TO BE COMPLETED BY _____
- [ ] NEXT _____ CONFERENCE SCHEDULED FOR _____
- [ ] JOINT PRE-TRIAL ORDER TO BE FILED VIA ECF BY _____
- [ ] PL. TO SERVE DEF. BY: _____   DEF. TO SERVE PL. BY: _____

RULINGS: PLEASE TYPE THE FOLLOWING ON DOCKET SHEET

The Court conducts a telephonic discovery conference. The parties' joint request to extend fact discovery until February 7, 2019 (DE #46) is granted. The parties agree to defer fact discovery relating to the individuals who have already opted in until after a decision on the motion for conditional certification. A joint status report proposing a schedule for expert discovery and/or requests for a premotion conference before Judge Brodie is due by February 4, 2019.

The Court grants in part only plaintiffs' motion to compel (DE #37). Plaintiffs are entitled to discovery regarding nationwide

policies and practices. To the extent that defendant has not yet produced ESI regarding such policies and practices because the parties have not yet agreed on an ESI search protocol, counsel are directed to confer in good faith to promptly come to an agreement.

The Court grants plaintiffs' motion to compel responses to their Requests to admit, but only as to putative class members whose declarations are included in defendant's opposition to conditional certification, which is due by November 30, 2018. The RFA responses shall be served by January 7, 2019. Plaintiffs' reply on the motion for conditional certification is now due by January 14, 2019. Defendant agrees to toll the statute of limitations until January 14, 2019. There will be a presumption against depositions of declarants as to whom information has been provided in response to RFAs.

For the reasons stated on the record, the Court concludes that defendant has, through its Seventh Affirmative Defense, and its reference to liquidated damages under the NYLL, impliedly asserted a good faith defense and implicitly waived the attorney-client privilege, as in Scott, Wang, and their progeny. At defense counsel's request, the Court gives defendant the option afforded in Enea: Defendant shall advise

The Court, via ECF, by November 28, 2018, whether it is prepared to withdraw its defense of good faith and lack of willfulness; absent such withdrawal, defendant shall submit its most recent privilege log and the documents identified therein to the Court, by November 30, 2018, for in camera review.