ROANNE L. MANN  
UNITED STATES MAGISTRATE JUDGE

DATE: Nov. 29, 2018  
START: 3:15 pm  
END: 4:15 pm

DOCKET NO: 17-cv-4780

CASE: <u>Mason et al v. Lumber Liquidators, Inc.</u>

- ☐ INITIAL CONFERENCE
- ☑ DISCOVERY CONFERENCE
- ☐ SETTLEMENT CONFERENCE
- ☑ MOTION HEARING
- ☐ OTHER/ORDER TO SHOW CAUSE
- ☐ FINAL/PRETRIAL CONFERENCE
- ☑ TELEPHONE CONFERENCE
- ☐ INFANT COMPROMISE HEARING

| PLAINTIFF | ATTORNEY |
|---|---|
|  | Justin Marino |
|  | John Stevenson |
|  |  |

| DEFENDANT | ATTORNEY |
|---|---|
|  | Christine Hogan |
|  |  |
|  |  |

- ☐ _____ DISCOVERY TO BE COMPLETED BY _____
- ☐ NEXT _____ CONFERENCE SCHEDULED FOR _____
- ☐ JOINT PRE-TRIAL ORDER TO BE FILED VIA ECF BY _____
- ☐ PL. TO SERVE DEF. BY: _____   DEF. TO SERVE PL. BY: _____

RULINGS: <u>PLEASE TYPE THE FOLLOWING ON DOCKET SHEET</u>

The Court allows defendant to further amend its pleading (DE #26) to withdraw its Seventh Affirmative Defense (see DE #50). Defendant is not thereby conceding that it acted willfully, as the burden of proving willfulness rests with plaintiffs. However, as good faith is an affirmative defense, defendant acknowledges that by withdrawing that defense, it is conceding that if liability is established, plaintiffs will be entitled to liquidated damages.

For the reasons stated on the record, the Court concludes that the withdrawal of defendant's Seventh Affirmative

defense does not, without more, give rise to an at-issue waiver of the attorney-client privilege. However, defendant is warned that if, in the course of discovery or thereafter, defendant offers factual information regarding its belief in the lawfulness of its actions, a forfeiture of the privilege is likely to result, even in the absence of defendant's express reliance on the advice of counsel.

The parties raise additional discovery disputes. Counsel are directed to confer further to resolve or at least narrow these disputes. The Court notes that it is inclined to give plaintiffs leeway in gathering evidence bearing on willfulness.