

January 14, 2019

**VIA ECF**

Honorable Roanne L. Mann
Chief United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Mason et al. v. Lumber Liquidators*
              17-cv-04780 (MKB) (RLM)

Dear Chief Magistrate Judge Mann:

      This office represents Plaintiffs in the above-referenced action. We write pursuant to Rule III.A of Your Honor's Individual Rules and Practices for an order compelling Defendant to: (1) produce all outstanding responsive documents to Plaintiffs' Documents Requests; (2) search additional custodians for all responsive documents; (3) amend Defendant's discovery responses or provide an index in accordance with Rule 34(b); and (4) provide an updated and complete privilege log.

1. **Defendant Should Produce all Outstanding Documents**

    a.  <u>All Remaining Discovery Should Be Produced</u>

      In response to many of Plaintiff's document demands, Defendant essentially responded that discovery is ongoing and that it would produce responsive documents in the future. While we are not certain as to what Defendant did and did not produce because Defendant failed to comply with Rule 34.(b), (*see* Point 3, *infra)*, we know that Defendant has not produced certain responsive documents that it claimed it would produce.[1] Accordingly, we request that the Court order Defendant to produce all remaining responsive documents by no later than February 1, 2019.

    b.  <u>Responsive Excel Files Should be Produced</u>

      On January, 7, 2019, after a "meet-and-confer" to discuss other deficiencies, Defendant's counsel

---

[1] The following are examples of documents Defendant advised that it would produce: (1) Quarterly Regional Manager Store Visit Reports; (2) Documents from Lumber Liquidators University ("LLU") regarding the duties of SMs and SMITs; (3) Documents regarding the "Customer Journey"; (4) Video Recordings of meetings or speeches at LLU; (5) Documents concerning discussions regarding stores not having at least 2 employees work 80 hours in a work-week; (6) documents regarding having SMs or SMITs cover shifts for non-exempt employees; (7) Alarmex and Register reports for the Named Plaintiffs stores.

The Honorable Roanne L. Mann
Page 2 of 3
January 14, 2019

emailed Plaintiffs' counsel to advise that Defendant had withheld **_all_** Excel files due to PPI concerns. Defendant's counsel did not provide any log or any legitimate basis for its wholesale failure to produce the Excel files. Accordingly, we request that the Court order Defendant to produce all responsive Excel files.

### 2. Defendant Should Search Additional Custodians

Defendant arbitrarily limited their search in response to Plaintiffs' overall document requests to twelve custodians by excluding for their searches two important subgroups of custodians: (1) lower-level employees within the human resources department; and (2) custodians within the legal department.

Plaintiffs seek low-level and mid-level individuals within Human Resources to be included as custodians because SMs and Store Managers In Training ("SMIT") are likely to report their complaints to those individuals. It appears by including only the highest-level executives within Human Resources, Defendant has excluded a significant amount of complaints and other relevant information that would certainly exist, but potentially never bubble up to the executives. In the parties' "meet-and-confer" conference, Defendant's counsel advised that it would check on whether subordinate positions existed in the Human Resource department. Defendant has since confirmed that while such positions exist, it would not search such custodians. Accordingly, Plaintiffs request that this Court order Defendant to search all custodians in the Human Resources department and to produce any relevant documents.

Additionally, Defendant has excluded from the custodian list all individuals within the legal department on the basis that all such communications are privileged. Plaintiffs contend such exclusion is improper because not all communications involving in-house counsel are privileged. In fact, often, in-house counsel engage in business decisions that are unrelated to their legal expertise. Accordingly, individuals within the in-house counsel department must be included as custodians. Moreover, to the extent such individual's communications are privileged, they should be included in a privilege log. To-date, there are no communications from in-house counsel on the privilege log, which shows this whole area of data was ignored. Accordingly, we request that this Court Order Defendant to search all custodians in the legal department and either produce any relevant documents or include such privileged documents withheld in a privilege log.

### 3. **Defendant Should be Ordered to Comply with Rule 34.(b)**

Defendant's initial production consisted of only 137 documents constituting 1,081 pages. On December 10, 2018, Defendant provided a link that included an additional 303 documents constituting an additional 1,357 pages. No index or other information was provided with respect to Defendant's second production. On December 17, Defendant produced a hard drive of electronic data that consisted of 85,563 documents representing 130,863 pages. Plaintiffs were finally able to access the file on December 29 (after our e-discovery vendor solved the difficulties in accessing and uploading the file). Upon review, we learned that the documents produced did not state that they were being produced as they were kept in the ordinary course of business, nor were they identified as to which requests they responded. In fact, there was no information as to what was being produced. As a result, Plaintiffs had no way of knowing what was produced and whether this constituted all of Defendant's remaining outstanding production.

After a "meet-and-confer" on January 9, 2019, Defendant informed us that the production constituted the entire mailboxes for each Store account and Store Manager account for each of the stores

The Honorable Roanne L. Mann
Page 3 of 3
January 14, 2019

of the named Plaintiffs. Although we now know what we received on December 17 and do not require an index, we still require an index for the December 10 production – as we have no way to ascertain what such information is in response to. Defendant refuses to produce an index or provide any further clarity on this issue because they claim the emails in the form of a load file are produced as they are "kept in the course of ordinary business." During the meet and confer, we explained that if emails are searched using terms and then reviewed for responsiveness, then they are not being produced "as they are kept in the ordinary course of business," and must be labeled and identified according to Plaintiffs' requests. Accordingly, we requested that Defendant either modify their responses to Plaintiffs' document requests to identify, by Bates-numbers, which documents were responsive to which of Plaintiffs' requests, or to provide an index that did the same. Defendant refused. Accordingly, Plaintiffs request that Defendant be directed to identify, by Bates-stamp numbers, which documents are responsive to which of Plaintiffs' document requests.

### 4. **Defendant Should be Ordered to Produce a Privilege Log**

To date, Defendant has produced a privilege log that references 20 witness declarations and 21 witness consent forms, and five documents that appear to have been drafted in 2015. The bare-bones privilege log evidences Defendant's failure to search all custodians and locations where responsive information may exist (including, but not limited to, custodians within the legal department (*supra,* pt. 2)).[2] Plaintiffs are aware that Defendant changed the compensation practices of SMs in 2016 and then reclassified SMITs in 2018 – yet there are no documents on the privilege log concerning these critical events. Given Defendant objected to nearly every document request on the basis of privilege, it must provide a privilege log or such privilege is waived. Accordingly, Plaintiffs request the Court Order Defendant to perform a thorough search, including a search of the custodians in Defendant's legal department, and produce a full and complete privilege log or a finding that Defendant waived privilege.

**Conclusion**

For the reasons discussed above, Plaintiffs request that this Court issue an order compelling Defendant to (1) produce all outstanding responsive documents to Plaintiffs' Documents Requests; (2) search additional custodians for responsive documents, (3) amend Defendant's discovery responses or provide an index in accordance with Rule 34(b); and (4) provide an updated and complete privilege log or find that Defendant waived privilege.

We thank Your Honor in advance for your consideration of the foregoing.

Respectfully submitted,

**/s/ Justin R. Marino**
Justin R. Marino

cc:   Defendant's Counsel (via ECF)

---

[2] Plaintiffs contend that anything pre-dating the commencement of the lawsuit that is purportedly privileged should be identified on a privilege log. Additionally, anything after the commencement of the lawsuit pertaining to any of the issues in the case (excluding conversations between the Defendant and its outside counsel concerning the lawsuit itself), but including the 2018 reclassification of SMITs, must be identified on the privilege log.