

Justin R. Marino, Principal   d: (212) 939 – 7228   f: (212) 531-6129
a: 75 Maiden Lane, Suite 402, New York, NY 10038   e: jmarino@stevensonmarino.com

January 14, 2019

**VIA ECF**

Honorable Roanne L. Mann
Chief United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Mason et al. v. Lumber Liquidators*
             17-cv-04780 (MKB) (RLM)

Dear Chief Magistrate Judge Mann:

      This office represents Plaintiffs in the above-referenced action. Pursuant to Your Honor's Individual Rules, we write to request an extension of initial fact discovery, which is presently scheduled to close on February 7, 2019. As noted in Plaintiffs' January 14, 2019 Motion to Compel (dkt. 60), there are numerous discovery issues that still require the Court's intervention. These issues will necessarily result in additional document production, to which Plaintiffs reasonably request to receive prior to taking and defending deposition testimony. We also seek this relief because Defendant just produced over 130,863 pages of documents and this does not constitute all of Defendant's outstanding production.[1] As noted in Plaintiff's Motion to Compel (dkt. 60), there was no index, and, nothing cross-referencing what we received against the documents requests. Defendant had months to go through this documentation, and Plaintiffs will have merely days if the request for an extension is not granted.

      Accordingly, the February 7, 2019 deadline leaves little time for a decision on the discovery issues raised in Plaintiffs' Motion to Compel and for Defendant to subsequently produce the additional documentation based upon the Court's future directives. Accordingly, we request the Court extend the close of discovery by three months to May 7, 2019, while also requiring a joint status letter identifying what, if any, expert discovery and dispositive motions the parties are contemplating be required on May 3, 2019, as opposed to the present deadline of February 4, 2018.

---

[1] Defendant's mailed the hard drive containing the foregoing documents on December 17, 2018 and Plaintiffs were finally able to access the file on December 29, 2018 (after our e-discovery vendor solved difficulties in accessing and uploading the file).

The Honorable Roanne L. Mann
January 14, 2019
Page 2 of 2

      This is the fourth request for an extension of discovery. The first request for an extension was based on the fact that Defendant had substituted new counsel, who did not even receive the full case file until March 2018. *See* Joint Request For An Extension (filed Apr. 6, 2018, Dkt. 30); Order (Apr. 9, 2018) (extending discovery to September 7, 2018). The second request was filed on September 7, 2018, after the parties spent a great deal of time and resources preparing for and attending a failed mediation on August 6, 2018. The third request for an extension was also based upon a Joint Request for an Extension and resulted in fact discovery being extended from December 7, 2018 until February 7, 2019. *See* Order (Nov. 19, 2018).

      Accordingly, the three prior requests for extensions were not the result of the parties' laggard efforts in litigating this matter or otherwise failure to respect the Court's Orders, but only as a result of (1) substitution in counsel that was ultimately completed more than half way into the original discovery period; (2) substantial efforts of both parties to prepare for and attend a mediation; and (3) legitimate discovery disputes. Because of the size and scope of this lawsuit, which seeks to conditionally certify two nationwide collectives of thousands of employees, the amount of discovery is necessarily more exhausting. As a result, it takes additional time to filter through and analyze it all.

      With respect to the discovery completed to date, the parties have respectively served and responded to Documents Requests and Interrogatories. The Plaintiffs have produced all responsive documents in their possession. Defendant has produced a portion of responsive documents. Plaintiffs filed a motion to compel regarding discovery issues (Dkt. 60), and a Motion for Court Authorized Notice. (Dkts 41-42). While notices of deposition and the 30(b)(6) notice have been issued, the parties are waiting until all documents have been produced before taking the depositions. We anticipate that there will be approximately ten (10) depositions in the first stage of discovery regarding named plaintiffs.

      Based on the foregoing, Plaintiffs request that the Court extend the close of discovery to May 7, 2019, while also requiring a joint status letter identifying what if any expert discovery and dispositive motions the parties contemplate on May 3, 2019, as opposed to the present deadline of February 4, 2018. Defendant's counsel advised us that they consented to a three-month extension of fact discovery.

      We thank Your Honor in advance for your consideration of the foregoing.

                            Respectfully submitted,

                            **/s/ Justin R. Marino**

                            Justin R. Marino

cc:     Defendant's Counsel (via ECF)