

**Littler Mendelson, PC**
900 Third Avenue
New York, NY  10022.3298

Christine L. Hogan
212.583.2676 direct
212.583.9600 main
212.898.1116 fax
clhogan@littler.com

January 18, 2019

**VIA ECF**
Chief Magistrate Judge Roanne L. Mann
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *Mason v. Lumber Liquidators, Inc.,* **Case No. 17-CV-4780 (MKB) (RLM)**

Dear Judge Mann,

      This office represents Defendant Lumber Liquidators, Inc. in the above-referenced matter. Defendant respectfully submits this letter reply (the "Reply") in response to Plaintiffs' January 14, 2019 letter motion to compel production of documents (the "Letter Motion") in accordance with Rule III.A of Your Honor's Individual Rules and Practices.  Defendant agrees to produce (or has already produced) outstanding documents as outlined below in Parts 1 and 4 of this Reply. Defendant respectfully requests that the Court deny Plaintiffs' requests for (1) additional email custodians and (2) an index for ESI that has been produced as they were kept in the ordinary course of business.

    1. **Defendant Produced Outstanding Documents to Plaintiffs on January 18, 2019**

      On January 18, 2019, Defendant produced to Plaintiff: (1) Quarterly Regional Manager Store Visit Reports; (2) documents from Lumber Liquidators University ("LLU") regarding the duties of SMs and SMITs; (3) documents regarding the "Customer Journey"; (4) video recordings used at LLU; and (5) Alarmex and Register reports for the Named Plaintiffs stores.

      Moreover, Littler has already collected extensive data from Defendant, with the dates and hours of all employees working in Named Plaintiffs' stores during the relevant period.  Littler's analytics team is working to filter that data in order to produce documents responsive to Plaintiffs' request regarding workweeks where Plaintiffs' stores did not have at least 2 employees >80 hours per week.  Defendant will produce responsive data by February 1, 2019.  With respect to the last category of documents – "documents regarding having SMs or SMITs cover shifts for non-exempt employees" – Defendants have already produced the Named Plaintiffs' *entire* store and manager mailboxes (minus privileged documents).

      Finally, Defendant will produce by February 1, 2019 responsive Excel files withheld from production with appropriate redactions for personally identifiable information, confidential information, and/or privileged information.

    2. **Plaintiffs Request for Additional Custodians is Neither Reasonable Nor Proportional**

      The request for additional email custodians to search for employee complaints is not in line with this Court's Nov. 19, 2018 Order (ECF No. 49), which focused discovery on the Named Plaintiffs only. Discovery has been ongoing since August 2017 and Plaintiffs have had ample opportunity and time to seek production of documents from these additional custodians.

      Moreover, Plaintiffs have propounded upon Defendant 11 Sets of Requests for Production of Documents totaling 147 individual requests. In response to Plaintiffs' discovery requests, Defendant

has: (1) collected the email boxes of **26 custodians** and approximately **1,263,190 documents** (including emails and attachments); (2) reviewed and analyzed **111,442 documents** after applying search terms that were agreed upon by both counsel; and (3) produced more than **86,000 documents**. Moreover, Defendant has already collected and produced ESI for Human Resources positions at the management level by using the parties' agreed upon custodians and search terms. The overbroad request for *even more* email custodians is not proportional to the needs of the case pursuant to Fed. R. Civ. Proc. 26(b)(1), and the burden/expense of the proposed discovery outweighs its likely benefit.

To be clear, our approach to (1) focus on certain custodians, (2) target the most accessible sources and relevant documents through focused search terms, and (3) phase discovery of additional custodians and data sources is consistent with The Sedona Conference's recommended approach to proportional discovery. *See The Sedona Conference Commentary on Proportionality in Electronic Discovery*, p.156-57 (May 2017); *see also Barrera v. Boughton*, 2010 WL 3926070, at *3 (D. Conn. Sept. 30, 2010) (ordering phasing of ESI discovery with review of ESI from only three individuals).

Furthermore, Plaintiffs are not aware of any actual responsive documents with the requested additional custodians and only refer to their "likelihood" in their Letter Motion (Part 2, p. 2). Plaintiffs' assumption that "complaints and other relevant information that would certainly exist, but potentially never bubble up to the executives" (*id.*) is also pure speculation without any actual support. And, with respect to their request for Defendant to also search all in-house counsel email boxes, any relevant, non-privileged documents – *i.e.*, those that were not just internal to the in-house legal team, but shared with other employees – would have been captured in the review and production of documents from other custodians. Reviewing the in-house legal team's email boxes department will only result in a duplicative process and cause Defendant to review documents that are not even remotely relevant to this litigation.

Plaintiffs should not be given the right to conduct a fishing expedition after extensive discovery has already taken place, particularly at this late stage in the discovery process, where four extensions to the close of discovery have already been generously granted by Your Honor. Plaintiffs only seek to harass Defendant by driving up the costs of this litigation. Accordingly, Defendant respectfully requests that this Court deny Plaintiffs' request for additional email custodians.

### 3. **Defendant's Production is Compliant with Fed. R. Civ. Proc. ("Rule") 34(b)**

Rule 34(b)(2)(E)(i) requires that a producing party "must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." There is no requirement that Defendant both produce documents as they are usually maintained *and* organize their production to suit Plaintiffs' discovery demands. *See Hill v. Stewart*, 2011 WL 4439445, at *5 (W.D.N.Y. Sept. 23, 2011) (denying motion to compel producing party to organize and label them to correspond to specific requests or categories of requests). On December 10, 2018, Defendant produced to Plaintiff Volume 6 consisting of 303 files. Volume 6 consists of fully text-searchable ESI and includes a metadata index that allows Plaintiffs to view, organize, and sort the data using multiple parameters. This is in line with Rule 34(b)(2)(E)(i). *See, e.g., Echevarria v. Roach*, 2018 WL 6788525, at *1 (D. Mass. Dec. 26, 2018) (explaining that "a party may meet this burden [under Rule 34] by showing that it produced emails as they are kept in the ordinary course of business by making family-complete productions that are either organized chronologically by custodian or by producing metadata that allows automated sorting.").

Plaintiffs' claim that emails that are searched using terms and then reviewed for responsiveness are not being produced as they are kept in the ordinary course of business is wholly erroneous. The metadata that contains the information on the original location of each ESI files remains intact and is not altered neither when search terms are applied nor when ESI is coded for

responsiveness.  As part of Defendant's review and production processes, all metadata is extracted from the native document and a "read only" version of the document is searched, coded/tagged, redacted, and/or produced without altering the document's inherent evidentiary properties.  To be clear, searching and coding decisions are made in a review database environment (not to the actual documents), so there is no way that metadata could be altered.  Notwithstanding Plaintiffs' counsel's claims, it is widely understood that metadata is not altered as a result of applying search terms or coding documents on industry-standard review platforms such as that used by Defendant.  *See, e.g., The Sedona Principles*, 3d Edition, 19 SEDONA CONF. J. 1, 166, 172-73 (2018).  Indeed, under Plaintiffs' rationale, the only way for Defendant to produce ESI as it is "kept in the ordinary course of business" would be to produce Defendant's entire corporate network and email servers.  In addition to being wholly impractical and unreasonable, such an approach would result in Plaintiffs gaining unfettered access to Defendants' ESI, including information protected by the attorney-client privilege and attorney work product doctrine, commercially sensitive and proprietary confidential information, and information that is entirely irrelevant to the parties' claims and defenses and not proportional to the needs of the case.

Plaintiffs' demand that Defendant conform with the incorrectly attributed burden of organizing ESI by document request is improper, which is why such requests are routinely denied by courts where a searchable ESI production with metadata has been made.  *See, e.g., FDIC v. Giannoulias*, 2013 U.S. Dist. LEXIS 152092, at *9-10 (N.D. Ill. 2014) (where "Phase II production can be electronically sorted … using metadata", requiring the producing party "to organize its production according to the [requesting party's] numerous discovery requests" would not "serve any substantial purpose").  Plaintiffs have not provided a reasonable (or any) basis for their assertions and Defendant respectfully requests this Court deny their request.  *See, e.g., Hall v. Habul*, 2015 WL 4094216, at *6 (M.D. La. July 7, 2015) (denying challenging party's request to compel labeling of document production where they failed to assert why they believed documents were not produced as they are kept in the usual course of business).

4. **Defendants Have Already Produced a Continued Privilege Log**

On January 14, 2019, Defendant produced a continued Privilege Log for all productions to date.

## Conclusion

For the reasons discussed above in Part 2 and 3 of this Reply, Defendant respectfully requests that this Court: (1) deny Plaintiffs' requests for (a) additional email custodians and (b) an index for the documents produced as they were kept in the ordinary course of business and (2) deny the rest of Plaintiffs' Letter Motion as moot.


Respectfully submitted,

Christine L. Hogan

Cc:     All Counsel of Record