

**Justin R. Marino**, Principal    d: (212) 939 – 7228    f: (212) 531-6129
a: 75 Maiden Lane, Suite 402, New York, NY 10038    e: jmarino@stevensonmarino.com

March 5, 2019

<u>Via ECF</u>

Honorable Roanne L. Mann
Chief United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

>     Re:    *Mason et al. v. Lumber Liquidators*
>            17-cv-04780 (MKB) (RLM)

Dear Chief Magistrate Judge Mann:

This office represents Plaintiffs in the above-referenced action. Pursuant to Your Honor's Individual Rules, we write jointly with Defendant's counsel to request a three-month extension of both (i) initial fact discovery, which is presently scheduled to close on March 21, 2019, and (ii) the deadline to submit a joint status report, presently due on March 18, 2019.

Plaintiff's prior motion for an extension of discovery was based on the parties' discovery disputes and the fact that Defendant produced over 130,863 pages of documents in December. Thousands of Excel spreadsheets were withheld from that production, however, due to concerns with producing personally identifiable information ("PII"). After meeting and conferring with defense counsel a number of times, the parties entered into an agreement that would address both parties' concerns. A subsequent production was made, but it was then discovered that the entirety of the whole production was inadvertently defective, in that documents were missing. As a result, Defendant re-produced the entirety of their production, which became reviewable to Plaintiffs on February 6, 2019.

During this period, the parties also met and conferred on a number of different occasions regarding additional outstanding discovery. After a number of rounds of negotiations, the parties were able to get the total number of documents for review from 28,840 to 9,783. Defendant has agreed to review and produce relevant, non-privileged documents and estimates that such a review and production will take 10 business days.

Once all paper discovery is complete, the parties intend to move to depositions. Defendant intends to take the five Named Plaintiffs' depositions. Currently, Plaintiffs intend to take the deposition of two corporate representatives, all Regional Managers that supervised Plaintiffs, and a number of Human Resources personnel. The parties are still

The Honorable Roanne L. Mann
January 14, 2019
Page 2 of 2

meeting and conferring regarding who Defendants will agree to produce.  In addition, the parties need to meet and confer regarding the scope of Plaintiffs' 30(b)(6) deposition notice.

For all the above reasons, the Parties jointly request the foregoing extensions.  This is the fifth request for an extension of discovery. The first request for an extension was based on the fact that Defendant had substituted new counsel, who did not even receive the full case file until March 2018. *See* Joint Request For An Extension (filed Apr. 6, 2018, Dkt. 30); Order (Apr. 9, 2018) (extending discovery to September 7, 2018). The second request was filed on September 7, 2018, after the parties spent a great deal of time and resources preparing for and attending a failed mediation on August 6, 2018. The third request for an extension was also based upon a Joint Request for an Extension and resulted in fact discovery being extended from December 7, 2018 until February 7, 2019. *See* Order (Nov. 19, 2018). The fourth request was based on the short period of time to review documents coupled with outstanding discovery issues that were the subject of Plaintiffs' motion to compel.

Based on the foregoing, the Parties request that the Court extend the close of discovery to June 21, 2019, while also requiring a joint status letter identifying what if any expert discovery and dispositive motions the parties contemplate on June 18, 2019.

We thank Your Honor in advance for your consideration of the foregoing.

Respectfully submitted,

**/s/ Justin R. Marino**

Justin R. Marino

cc:      Defendant's Counsel (via ECF)