

**Littler Mendelson, PC**
900 Third Avenue
New York, NY 10022.3298

Christine L. Hogan
212.583.2676 direct
212.583.9600 main
212.898.1116 fax
clhogan@littler.com

May 20, 2019

**VIA ECF**

Honorable Roanne L. Mann
Chief United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:** *Mason, et al. v. Lumber Liquidators, Inc.*, **No. 17-cv-04780 (MKB) (RLM)**

Dear Chief Magistrate Judge Mann:

This firm represents Defendant Lumber Liquidators, Inc. ("Defendant") in this action. We write in opposition to Plaintiffs' improper letter-motion for sanctions ("Motion") and omnibus request for corrective notice to putative members, to enjoin Defendant from further communications with putative members, to enjoin Defendant from further attempts to interfere with judicial notice, to invalidate Defendant's arbitration agreements, and to award costs and fees.

As an initial matter, Plaintiffs' motion fails to specify the authority under which they seeks sanctions. If Plaintiffs' motion seeks sanctions under Rule 11 of the Federal Rules of Civil Procedure, then it fails to comply with the prerequisites of Rule 11(c)(2) which requires that "[a] motion for sanctions *must be made separately from any other motion* and must describe the specific conduct that allegedly violates Rule 11(b)." Fed. Rule Civ. P. 11(c)(2) (emphasis added). Plaintiffs have improperly combined their motion for sanctions with a laundry list of other requests to address Defendant's alleged wrongdoings. Further, a Rule 11 motion must be served *21 days* before it is filed with the Court. *Id.* (emphasis added); *Abra Constr. Corp. v. Greco,* 230 F.R.D. 385, 387 (S.D.N.Y. 2005) (denying motion in part because 21-day safe harbor procedures were not followed.) Plaintiffs have failed to comply with this threshold requirement.

Second, whether Plaintiffs seek sanctions under Rule 11, some other Rule, or the Court's discretionary authority, Plaintiffs have failed to demonstrate that Defendant or its counsel has engaged in any conduct warranting sanctions, which is a "drastic remedy and must be imposed carefully." *G-I Holdings, Inc. v. Barton & Budd*, 2002 WL 1934004, at *12 (S.D.N.Y. Aug. 21, 2002). The implementation of a company-wide arbitration program – even if it occurs during a pending litigation – is not sanctionable because numerous courts have enforced such arbitration programs as valid. *See, e.g., Sylvester v. Wintrust Financial Corp.*, 2013 U.S. Dist. LEXIS 140381, at *32 (N.D. Ill. Sept. 30, 2013); *Green v. Plantation of Louisiana, LLC*, 2012 U.S. Dist. LEXIS 146488, at *20-21 (W.D. La. Sept. 17, 2012); *Carey v. 24 Hour Fitness USA, Inc.*, 2012 U.S. Dist. LEXIS 143879, at *8 (S.D. Tex. Oct. 4, 2012).

Chief Magistrate Judge Roanne L. Mann
May 20, 2019
Page 2

Third, Plaintiffs' requests for corrective notice, ban on communications, and summary invalidation of Defendant's arbitration program – without any opportunity for Defendant to formally brief these issues for the Court – are as problematic as their improper bid for sanctions.

The United States Supreme Court has held that a court may not restrict communications to putative class members "without a specific record showing by the moving party of the particular abuses by which it is threatened." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 (1981). *See also Lapointe v. Target Corp.*, 2017 WL 3288506, at *5 (N.D.N.Y. Mar. 24, 2017) (*citing Christensen v. Kiewit-Murdock Inv. Corp.*, 815 F.2d 206, 213 (2d Cir. 1987)) ("The Court rejects plaintiff's contention that due to the nature of the employer-employee relationship, any communication between such parties are inherently coercive. . . . Ex parte communications between defense counsel and putative class members 'are not abusive communications that warrant limitations absent indication in the record of the need for limitations.'").

Contrary to Plaintiffs' counsel's assertion – which is itself misleading – there was nothing "flatly improper, misleading, and uninformative" about Defendant's email communications to its employees regarding a roll-out of its arbitration program. (Motion, p. 2.) Specifically, Defendant's email communications properly disclosed to employees and putative members both their *right to opt-out of the arbitration program* and *the pendency of the current class actions* against Defendant.

Plaintiffs' counsel misleads the Court by stating that disclosure of this action was "buried at the end of the second page" of Defendant's email communications. (Motion, p. 2.) In fact, a closer review of Defendant's email shows that Defendant's disclosure to its employees of pending litigation was preceded and highlighted by the term "**\*NOTE:**" in both capitalized and bolded text. (Motion, Ex. 1, p. 3.) Likewise, the terms "**Pending Litigation**" in Defendant's Arbitration Agreement is highlighted in both underlined and bolded text to ensure fair disclosure to employees of these pending actions. (Motion, Ex. 2, § 4.)

Plaintiffs' counsel also misleads the Court by stating that the email and arbitration agreement "contradict each other." (Motion, p. 2.) They do not. Both unequivocally state that by signing the arbitration agreement, employees will be waiving their right to participate in the pending actions. The statement in the arbitration agreement, that the "Company makes no representation as to whether you could participate in either of these actions," only means that Defendant does not represent that an employee would otherwise be eligible to join the class in the first instance.

Notably, Defendant's email communications occurred on April 4, 2019, *more than one month before* the Court's Order of May 13, 2013 (Dkt. 70), which undermines Plaintiffs' unfounded assertion that the arbitration program was somehow intended to deter putative members from joining this lawsuit. On the date of Defendant's email, no order had issued and no notice was authorized. Plaintiffs' citations to unpublished and out-of-jurisdiction authorities are inapposite, non-binding on this Court, and tantamount to a concession that authorities for those propositions do not exist within this jurisdiction. Moreover, Plaintiffs' counsel fails to mention that Defendant voluntarily disclosed the existence of the arbitration program – before the roll-out had ended – and then proceeded to produce relevant documents only a week later.

Chief Magistrate Judge Roanne L. Mann
May 20, 2019
Page 3

Further, "where a court is contemplating imposing limits on communication between an employer and potential class members, the court must balance the need for such limitation with the potential interference with the rights of the parties." *Fengler v. Crouse Health System, Inc.*, 634 F. Supp. 2d 257, 261 (N.D.N.Y. 2009). Defendant has every right to implement an arbitration program and engage in lawful communications with its employees, some of whom may or may not be putative members in this pending litigation. Here, Plaintiffs' attempt to restrict Defendant's communications and interfere in Defendant's ability to enter into a lawful contract with its employees, after proper and full disclosure of pending litigation, raises serious due process concerns.

The Supreme Court applied these principles specifically in the class action context in *Gulf Oil Co. v. Bernard*. In *Gulf Oil*, the Supreme Court held that, if a court decides to limit contact between parties or their counsel and potential class members, it must issue "a carefully drawn order . . . consistent with the rights of the parties under the circumstances." *Id*. at 102. The Court further held that no restrictions on such communications can be imposed "without a specific record showing by the moving party of the particular abuses" alleged to be frustrating the policy behind class actions. *Id*. In other words, non-abusive, *i.e.*, non-misleading, non-coercive and non-misleading communications, cannot be restricted. Additionally, "the mere possibility of abuses [in class action litigation] does not justify routine adoption of a [blanket] communications ban . . . ." *Id*. at 104.

Plaintiffs' Motion improperly attempts to silence Defendant, to subvert Defendant's right to enter into and enforce an arbitration program, summarily "invalidating any such agreements" (Motion, p.1) without allowing Defendant the opportunity to be heard, and to undermine the Court's authority to adjudicate these issues on the merits. If the Court were to issue such a sweeping order, as Plaintiffs urge, it would be the antithesis of a "a carefully drawn order . . . consistent with the rights of the parties under the circumstances." *Gulf Oil*, 452 U.S. at 102.

We respectfully request that the Court deny Plaintiffs' Motion for sanctions and a ban on communications, as no grounds exist for their extraordinary imposition. In addition, we request the right to formally brief the validity and enforceability of Defendant's arbitration program so that the Court may adjudicate these issues on the merits, and afford Defendant its due process rights. Finally, we request the Court's intervention in redressing Plaintiffs' counsel's clear and continuing efforts to invoke this Court's authority in an attempt to improperly gain advantage throughout this litigation. We thank the Court for its time and consideration.[1]

                                                                      Respectfully submitted,

                                                                      Christine L. Hogan

cc:     Counsel of Record (via ECF)

---

[1] Defendant intends to make a motion to amend its answer to include an affirmative defense relating to the arbitration program. Defendant has not yet heard back from Plaintiffs' counsel as to whether they would consent to such an amendment.