

**Littler Mendelson, PC**
900 Third Avenue
New York, NY  10022.3298

Christine L. Hogan
212.583.2676 direct
212.583.9600 main
212.898.1116 fax
clhogan@littler.com

May 28, 2019

**VIA ECF**

Chief Magistrate Judge Roanne L. Mann
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *Mason v. Lumber Liquidators, Inc.*
                 Case No. 17-CV-4780 (MKB) (RLM)

Dear Judge Mann:

My firm represents Defendant Lumber Liquidators, Inc. in the above captioned case. I write separately from Plaintiffs, pursuant to the Court's May 21, 2019 Minute Entry and Order (ECF No. 75), because the parties were unable to agree on proposed language for the corrective communication to current employees.

Store Managers ("SMs") and Store Managers-In-Training ("SMITs") do not have individualized email addresses. Instead, Defendant issues a single email account to each store, which is accessible to all store employees. Placing the corrective language in the email text itself will reach a wider employee population than necessary. It also runs the risk that one putative class member will mark it as "read" before any other putative class member(s) in the same store are able to read it. Accordingly, Defendant proposes that the following email be sent to each store email account:

    <u>Subject line</u>: Clarification re: Arbitration Agreement & Lawsuits

    <u>Body of Message</u>: There is an important communication to all store managers and store managers-in-training available on Dayforce.

SMs and SMITs regularly receive communications and important documents via the Dayforce System. In fact, this is where the SMs and SMITs received a copy of the arbitration agreement itself. Accordingly, this is the best place to communicate the corrective language.

Defendant proposes that the communication, which will be loaded onto Dayforce, state:

<b><u>Clarification re: Arbitration Agreement & Lawsuits</u></b>

PLEASE READ THIS CAREFULLY

On April 4, 2019, your store received an email describing the Company's new Arbitration Agreement. In that email, we referenced two current ongoing cases

May 28, 2019
Page 2

> involving store managers and store managers-in-training – the Mason case (filed in New York) and the Kramer case (filed in California).
>
> In the coming months, you may receive a court-authorized notice about the Mason case. That notice will give you additional information about the Mason case and provide you with an opportunity to join the lawsuit to assert federal claims against Lumber Liquidators. The Court wants you to know that even if you signed the Arbitration Agreement, you can still follow the procedures set forth in the court-authorized notice and submit a consent to join if you want to.
>
> We also want to make sure that you understand the claims at issue in the Mason case. Accordingly, the complaint is now readily available through the DayForce System as well (in addition to making it available by email to the store email address upon request). Plaintiffs are represented by Stevenson Marino LLP. Their contact information is listed on the last page of the complaint.
>
> You will not be retaliated against or otherwise receive unfavorable treatment based on your willingness or not to participate in any lawsuit against the Company.

Defendant has deliberately utilized language that is easy for the SMs and SMITs to understand. In addition, Defendant's proposed language is in the same tone as the original email to employees. In contrast, Plaintiffs' proposed language is overly formalized, lengthy, and difficult to understand. SMs and SMITs are much more likely to read the entire corrective communication if it is short and to-the-point.

Plaintiffs also include extraneous information that does not need to be included. For example, Plaintiffs include a description of the *Mason* case. This language is both duplicative – because it will be included in the formal FLSA Notice itself – and unnecessary in light of Defendant's proposal to place a copy of the complaint on the Dayforce System. For this reason, it is also duplicative and unnecessary to include Plaintiff counsel's contact information, since it is already contained in the complaint.

Finally, Plaintiffs' proposed bolded language – "[i]f you receive notice of a lawsuit at any time in the future, you are permitted to participate in such lawsuit" – is misleading. The Court has not yet ruled on the enforceability of the arbitration agreement. Accordingly, it is more accurate to state that putative class members may file an opt-in notice in the *Mason* case, regardless of whether they signed the arbitration agreement or not. Whether SMs and SMITs who signed the arbitration agreement will actually be able to participate in the *Mason* case going forward is an open question.

For all the above reasons, Defendant respectfully requests that the Court adopt its proposed corrective communication. We thank the Court for its time and consideration.

Respectfully submitted,

Christine L. Hogan