

**Littler Mendelson, PC**
900 Third Avenue
New York, NY  10022.3298

Christine L. Hogan
212.583.2676 direct
212.583.9600 main
212.898.1116 fax
clhogan@littler.com

June 4, 2019

**VIA ECF**

Magistrate Judge Roanne L. Mann
United States District Court, E.D.N.Y.
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *Mason v. Lumber Liquidators, Inc.,* **Case No. 17-CV-4780 (MKB) (RLM)**

Dear Judge Mann,

This office represents Defendant Lumber Liquidators, Inc. in the above-referenced matter.

On May 13, 2019, Your Honor issued an order granting Plaintiffs' motion for conditional certification of a nationwide FLSA collective action, pursuant to 29 U.S.C. § 216(b) and for court-authorized notice (the "Order"). *See* Dkt. 70.  As such, per Federal Rules of Civil Procedure Rule 72, Defendant's original deadline to file its objections to the Order was May 28, 2019.  On May 23, 2019, Defendant filed a letter motion for extension of time to file its Rule 72 objections. *See* Dkt. 76.  On May 29, 2019, the Court granted Defendant's request for an extension of time and set the deadline of June 11, 2019 for Defendant to file its Rule 72 objections.

Since the outcome of this Court's decision on Defendant's Rule 72 objections may limit the scope of the collective, Defendant respectfully requests that the Court enter an order briefly staying the deadline to distribute the form notice to the collective. *See, e.g.*, *Hernandez v. Immortal Rise, Inc.*, Civil No. 1:11-cv-04360-LB (E.D.N.Y. Oct. 2, 2012) (granting Defendants' motion to stay FLSA notice pending the Court's consideration of the Rule 72 objections); *Velasquez v. Digital Page, Inc.*, Civil No. 2:11-cv-03892-LDW-AKT (E.D.N.Y. May 4, 2012) (staying order regarding production of names and addresses in connection with a collective action motion pending objection to Magistrate's decision); *Ahmed v. T.J. Maxx Corp.*, Civil No. 2:10-cv-03609-ADS-AYS, Dkt. 70 (E.D.N.Y. November 20, 2012) (granting stay pending defendants' Rule 72 objections); *Wang v. Shun Lee Palace Rest., Inc.*, Civil No. 1:17-cv-00840-VSB, Dkt. 83 (S.D.N.Y. July 18, 2018) (granting stay pending the Court's decision on defendants' motion for reconsideration) (all unpublished decisions).

Staying this deadline will not prejudice the collective because even if the Court denies Defendant's Rule 72 objections, notice will eventually go out to the entire collective as defined by the Court.

Magistrate Judge Roanne L. Mann
June 4, 2019
Page 2

On the other hand, if the Court agrees with Defendant and finds that the collective was too broadly defined, but the deadline to disseminate notice is not stayed, notice will go out to employees who are not entitled to such notice.

In short, Defendant specifically requests a stay of the Order in so far as it requires: (1) Defendant to provide Plaintiffs with a list of potential opt-in plaintiffs' contact information; (2) Defendant to post a Court-approved notice at Defendant's stores; and (3) Plaintiffs to send notice to potential opt-in plaintiffs. Defendant does not seek to stay the directive to engage in the administrative process associated with identifying potential individuals who may fall within the scope of the class defined by the Order.

Granting the relief requested is the sole manner that will avoid significant prejudice to Defendant should the Court sustain Defendant's objections. Specifically, a determination by the Court that sustains the objections would be moot if notice was already posted and sent to potential opt-in plaintiffs. Should the Court grant the relief requested herein, Defendant will produce the contact information to Plaintiffs within 24 hours if Defendant's objections are overruled.

Finally, if the Court requires that Defendant produce the contact information, but stays the remaining directives in the Order, Defendant requests that the Court direct Plaintiffs not to use that information to contact any individuals until instructed or ordered otherwise.

We thank the Court for its attention and consideration in this matter.

Respectfully submitted,

Christine L. Hogan


Cc: All Counsel of Record