

**Littler Mendelson, PC**
900 Third Avenue
New York, NY  10022.3298


Christine L. Hogan
212.583.2676 direct
212.583.9600 main
212.898.1116 fax
clhogan@littler.com

June 4, 2019

**VIA ECF**

Magistrate Judge Roanne L. Mann
United States District Court, E.D.N.Y.
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *Mason v. Lumber Liquidators, Inc.,* **Case No. 17-CV-4780 (MKB) (RLM)**

Dear Judge Mann,

This office represents Defendant Lumber Liquidators, Inc. ("Defendant") in the above-referenced matter.

On May 31, 2019, Plaintiffs filed a letter motion to compel, requesting the Court to set a specific deadline of June 6, 2019 "by which Defendant must comply with the Court's May 13, 2019 Order requiring Defendant to produce 'in a computer-readable format, a list of the names, addresses, telephone numbers, email addresses, work locations and dates of employment for all potential collective action members[1] during the relevant time period.'" *See* Dkt. 80.

On the same day, Your Honor ordered that "Defendant is ordered to show cause, via ECF, by June 4, 2019, why it should not be directed to produce by June 6, 2019, the court-ordered Collective Data described in this Court's Memorandum and Order of May 13, 2019."

Defendant is currently preparing its Rule 72 objections to the May 13, 2019 Order and its objections are due June 11, 2019.  Because the Court's decision on Defendant's Rule 72 objections may limit the scope of the collective, Defendant respectfully requested that the Court enter an order briefly staying the deadline to distribute the form notice to the collective. *See* Dkt. 82.  If the Court grants the motion to stay, this will make Plaintiff's motion to compel moot.

Defendant has been working to collect all of the Collective Data as set forth by the Court. However, Defendant only has one individual, its HRIS (Human Resources Information System) and Payroll Manager (the "HR Manager") – who manages and oversees payroll data, human resources documents, and Defendant's employees' contact information – to compile the Collective Data.  She has a full-time job that is essential to the operations of the business, so she

---

[1] The Court refers to this information as "Collective Data", and as such, Defendant will refer to such information as Collective Data in this response letter.

Magistrate Judge Roanne L. Mann
June 4, 2019
Page 2

can only devote a limited amount of time per day to this project. Moreover, the data requested is stored in more than one system, which means that compiling it is, in part, a manual process. Finally, Defendant's systems cannot perform large queries (otherwise each system would crash or cause glitches), so due to the sheer size of the data requested, retrieving it is a slow process.

Accordingly, for the reasons set forth above, Defendant has not yet been able to retrieve all of the Collective Data and cannot finish its retrieval of same by June 6, 2019.

If the Court does not grant Defendant's request for a stay and requires that Defendant produce the Collective Data, Defendant respectfully requests that the Court give it two weeks from the data of its Order to produce it.

We thank the Court for its attention and consideration in this matter.

Respectfully submitted,

Christine L. Hogan

Cc:   All Counsel of Record