**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
**ASHLEIGH MASON, et al.,**

                            **Plaintiffs,**                **MEMORANDUM**
                                                  **AND ORDER**

           **-against-**

                                                  **17-CV-4780 (MKB)**

**LUMBER LIQUIDATORS, INC.,**

                          **Defendant.**
-------------------------------------------------------x

**ROANNE L. MANN, CHIEF UNITED STATES MAGISTRATE JUDGE:**

       In two separate submissions filed yesterday, defendant Lumber Liquidators, Inc.

("defendant") seeks a court order either staying the deadline to distribute court-authorized

notice to the nationwide FLSA collective, see Letter Motion to Stay Deadline (June 4, 2019)

("Def. Stay Motion"), Electronic Case Filing Docket Entry ("DE") #82, or, in the alternative,

granting defendant two weeks from the date of this order to produce data regarding the

potential collective action members to whom the notice must be sent (hereinafter "Collective

Data"), see Response to Order to Show Cause (June 4, 2019) ("Def. Response") at 2, DE #83.

       As an initial matter, defendant's submissions are procedurally defective: Neither

application reflects that defense counsel conferred with plaintiffs' counsel about the relief

sought, and thus neither states plaintiffs' position on the request.   And defendant's application

to delay production of the Collective Data, which defendant filed in response to plaintiffs'

motion to compel production of the data by June 6, see Motion to Compel (May 31, 2019)

("Pl. Motion"), DE #80, constitutes a cross-motion and, as such, should have been docketed

into ECF as a motion event.   On these grounds alone, the Court would be justified in denying

both defense requests.

In any event, the Court is not persuaded that a stay is warranted.   Defendant argues

that Judge Brodie's decision on its yet-to-be-filed objections to this Court's Memorandum and

Order of May 13, 2019 "may limit the scope of the collective[.]"   Def. Stay Motion at 1; see

id. at 2 (speculating that the District Court may agree with defendant "that the collective was

too broadly defined").   Defendant offers no preview as to how it will challenge the scope of

the collective, and its papers opposing the motion for conditional certification shed little light

on this subject.   Before this Court, defendant strenuously argued that the FLSA exemption at

the heart of this case implicates "[i]ndividualized [i]nquires," see Memorandum in Opposition

(Nov. 30, 2018) at 27, DE #57; defendant then suggested in passing that if conditional

certification were granted, the collective should be limited to employees at the New York

locations where the original four named plaintiffs worked, see id. at 18, 29.   But defendant

barely addressed the scope of the collective and its two offhand comments "offer[ed] no reason

for limiting notice in [the] manner" then proposed, see Memorandum and Order (May 13,

2019) at 33, DE #70.

Similarly makeweight is defendant's argument that it will suffer "significant prejudice"

if notice is sent and Judge Brodie thereafter sustains defendant's objections to this Court's

Memorandum and Order of May 13, 2019.   See Def. Stay Motion at 2.   Defendant fails to

describe the prejudice it would suffer in that scenario, nor is any potential prejudice self-

evident.   Simply put, defendant has offered no sound basis for delaying notice to the collective.

Defendant argues, in the alternative, that rather than having to produce the Collective Data by June 6, 2019, as requested by plaintiff, see Pl. Motion, defendant should be given two weeks from the date of the Court's order directing its production, see Def. Response at 2. Defendant suggests that only a single employee of this nationwide business is capable of compiling the necessary data.   See id. at 1.   Even assuming *arguendo* that another employee or outside vendor could not be entrusted with this task, defendant has already had more than three weeks to commence the compilation process.   The Court declines to grant defendant another two weeks.   Instead, defendant is directed to produce the Compilation Data within one week, by June 12, 2019.

For the foregoing reasons, defendant's motion to stay the deadline to distribute notice to the collective is denied and plaintiffs' motion to compel production of the Collective Data is granted in substantial part, except that the Court sets the deadline at June 12 rather than June 6.

**SO ORDERED.**

**Dated:   Brooklyn, New York**
**June 5, 2019**

/s/ *Roanne L. Mann*
**ROANNE L. MANN**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

3