

**Littler Mendelson, PC**
900 Third Avenue
New York, NY  10022.3298

Christine L. Hogan
212.583.2676 direct
212.583.9600 main
212.898.1116 fax
clhogan@littler.com

June 7, 2019

**VIA ECF**

Honorable Margo K. Brodie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Mason, et al. v. Lumber Liquidators, Inc.*, No. 17-cv-04780 (MKB) (RLM)

Dear Judge Brodie:

This firm represents Defendant Lumber Liquidators, Inc. ("Defendant") in this action.  Per Your Honor's Individual Motion Practices and Rules, § 3.A, we write to request a pre-motion conference regarding Defendant's anticipated Motion for Leave to File an Amended Answer ("Motion").

Defendant's motion will be made under Federal Rules of Civil Procedure ("Fed. R. Civ. Proc.") 15(a)(2), and is necessary to cure a newly arisen pleading deficiency in Defendant's Answer. Specifically, Defendant seeks leave to amend to add a critical affirmative defense regarding its Arbitration Agreement, as it applies to the collective that was certified by Magistrate Judge Mann on May 13, 2019.[1]  This affirmative defense only became relevant in this action recently due to Defendant's recent implementation of an Arbitration Agreement.  This process started on April 4, 2019 and is still ongoing.[2]  As Plaintiffs have refused to consent to Defendant's request to amend its Answer to assert this additional affirmative defense, Defendant is forced to seek leave to do so.

Pursuant to Fed. R. Civ. Proc. 15(a), after a responsive pleading has been served, "[the] court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. Proc. 15(a); *Ellis v. Chao*, 336 F.3d 114, 127 (2d. Cir. 2003).  The U.S. Supreme Court has emphasized that "[t]his mandate is to be heeded."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Additionally, an "[o]utright refusal to grant the leave without any justifying reason for the denial is an abuse of discretion."  *Las Olas Investor Group, LLC v. Las Olas Tower Co.*, 2008 U.S. Dist. LEXIS 661, at *4 (S.D.N.Y. 2008) (*citing Min Jin v. Metro. Life Ins. Co.*, 310 F.3d 84, 101 (2d Cir. 2002)) (internal citations omitted).

According to the Supreme Court, substantial reason to deny leave to amend exists ***only*** when there is: (1) undue delay, bad faith, or dilatory motive on the part of the movant; (2) repeated failure to cure

---

[1] Defendant intends to file Rule 72 objections to this decision on or before June 11, 2019.

[2] A storewide email was sent to all of Defendants' employees.  They may access the arbitration agreement through DayForce, Defendant's HR tool.  When they access the agreement, they can then scroll through DayForce to see the PDF of the arbitration agreement, and agree to it by clicking a box.  It stays in DayForce, and can be accessed at any time and agreed to at any time.

Honorable Margo K. Brodie
June 7, 2019
Page 2

deficiencies by amendments previously allowed; (3) undue prejudice to the opposing party by virtue of the allowance of the amendment; and (4) futility of the amendment. *Foman*, 371 U.S. at 182. Moreover, "[t]he rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 725 (2d Cir. 2010); *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d. Cir. 1993). Since Plaintiffs cannot demonstrate any prejudice or bad faith, the Court should allow Defendant leave to file an amended Answer.

First, Defendant has exhibited good faith in seeking to amend its Answer. Defense counsel initially sought Plaintiffs' consent to amend its Answer on May 15, 2019, two days after Magistrate Mann issued her opinion certifying a collective action. Defendant did not seek Plaintiffs' consent sooner because none of the Named Plaintiffs are subject to the Arbitration Agreement. Thus, no undue delay, bad faith or dilatory motive on Defendant's part exists in its request to amend its Answer.

Further, even had Defendant known earlier that it could have included an affirmative defense in its previous Answer – which it could not because at that point, the Arbitration Agreement had not been drafted, much less distributed – "[t]here is no requirement that defendants must plead all known affirmative defenses at the time of their first answer." *Ragin v. Harry Macklowe Real Estate Co.*, 126 F.R.D. 475, 478 (S.D.N.Y. 1989). "As long as amendment of pleadings does not prejudice plaintiffs, defendants will not be precluded from adding additional defenses about which they had knowledge." *Id.* Nor is a delay in seeking to amend the Answer in and of itself sufficient to deny leave to amend. *See State Teachers Retirement Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981) (leave to amend granted despite delay where amendment did not unduly prejudice opposing party).

Second, there have been no repeated failures to cure deficiencies by amendments previously allowed. Defendant has only amended its Answer once previously *(see* Dkt. 26) to withdraw a good faith affirmative defense. *Compare Woodley v. Bryant*, 2007 U.S. Dist. LEXIS 68354 (S.D.N.Y. Sept. 11, 2007) ("there has been no history of prior grants of leave to amend leading to pleadings that failed to cure the deficiency of their predecessors. . . ."), *with Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 441-42 (2d Cir. 2005) (affirming denial of leave to amend for the third time).

Third, Defendant's proposed amendment does not pose any undue prejudice to Plaintiffs, as it simply asserts an affirmative defense related to the existence of an Arbitration Agreement applicable to the collective. "In determining what constitutes 'prejudice,' [the Second Circuit] consider[s] whether the assertion of the new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Block*, 988 F.2d at 350. Here, Defendant's proposed amendment does not require Plaintiffs to expend additional resources to conduct discovery or prepare for trial, nor do they delay the resolution of the case. On May 15, 2019, when, Defendant requested consent to amend its Answer, Plaintiffs' counsel was also provided courtesy copies of the Arbitration Agreement and the cover letter which Defendant sent to the putative collective. Thus, Plaintiffs will incur no additional expenditures for discovery.

Plaintiffs will suffer no undue prejudice from the amendment, but the prejudice that Defendant will suffer should the Court not grant leave to amend is significant. Without an affirmative defense related to Defendant's Arbitration Agreement, Defendant will suffer the undue prejudice of having to litigate putative class members' claims even thought they thereby consented to arbitrate their claims

Honorable Margo K. Brodie
June 7, 2019
Page 3

on an individual basis only.

The final *Foman* factor is whether Defendant's proposed amendment would be futile. In determining whether a proposed amendment is futile, a court should review the amendment under "a standard analogous to the standard of review applicable to a motion brought under Fed. R. Civ. Proc. 12(b)(6). Thus, a motion to amend will not be denied as futile unless the amendment is 'frivolous or facially insufficient.'" *Randolph Foundation v. Duncan*, 2002 U.S. Dist. LEXIS 362, at *9-10 (S.D.N.Y. Jan. 11, 2002) (internal citations omitted). Simply put, if an amendment raises colorable, non-frivolous grounds for relief, then leave to amend should be freely granted. *T&N PLC v. James & Co. of N.Y., Inc*., 1991 U.S. Dist. LEXIS 13025, at *5 (S.D.N.Y. 1991) ("Court's present duty is limited to a determination of whether defendant's proposed amendments are non-frivolous"). As the party opposing the motion to amend, Plaintiffs are required to establish that the requested amendment would be futile and, thus, should be disallowed. *Reach Music Publishing, Inc. v. Warner/Chappell Music, Inc.*, 2012 U.S. Dist. LEXIS 107064, at *7 (S.D.N.Y. July 31, 2012).

Here, there is nothing frivolous or facially insufficient about Defendant's proposed amendment. Rather, Defendant seeks to assert a viable defense that a portion of the putative collective, who signed the Arbitration Agreement, is bound to arbitrate their claims on an individual basis only, and therefore, should not be allowed to join this action. The implementation of a storewide arbitration program and the arbitration agreement itself has been enforced as valid by numerous courts. *See, e.g., Sylvester v. Wintrust Financial Corp.*, 2013 U.S. Dist. LEXIS 140381, at *32 (N.D. Ill. Sept. 30, 2013); *Green v. Plantation of Louisiana, LLC*, 2012 U.S. Dist. LEXIS 146488, at *20-21 (W.D. La. Sept. 17, 2012); *Carey v. 24 Hour Fitness USA, Inc*., 2012 U.S. Dist. LEXIS 143879, at *8 (S.D. Tex. Oct. 4, 2012).

Further, Plaintiffs cannot sustain their burden to prove that Defendant's amendment is futile. Defendant's additional affirmative defense puts Plaintiffs on notice, in simple, concise, and direct terms that Defendant may rely on its lawful Arbitration Agreement in its defense of this action. As such, Defendant's additional defense is fully compliant with the pleading requirements of Fed. R. Civ. Proc. 8, and is facially sufficient.

Finally, the Court's previous Scheduling Order [Dkt. 19] provided a deadline of January 12, 2018 for amendment of the pleadings by Plaintiffs and February 9, 2018 for amendment of the pleadings by Defendant. As such, Defendant submits that good cause will be shown under Fed. R. Civ. Proc. 16(b)(4) for the Court to modify its previous Scheduling Order to allow Defendant to amend its Answer.

We thank the Court for its time and consideration.

                                                  Respectfully submitted,

                                                  Christine L. Hogan

cc:      Counsel of Record (via ECF)