UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ASHLEIGH MASON, DAN MORSE, RYAN CARROLL, OSAGIE EHIGIE, and TRAVIS STREETER, on behalf of themselves and all others similarly-situated,<br><br>        Plaintiffs,<br><br>    -against-<br><br>LUMBER LIQUIDATORS, INC.,<br><br>        Defendant. | Civ. No. 17-cv-04780 (MKB) (RLM) |

**DEFENDANT'S RULE 72(a) OBJECTIONS TO CHIEF MAGISTRATE JUDGE MANN'S JUNE 5, 2019 MEMORANDUM AND ORDER**

Christine L. Hogan
Kevin K. Yam
LITTLER MENDELSON, P.C.
900 Third Avenue, 8th Floor
New York, NY  10022.3298
212.583.9600

*Attorneys for Defendant*

I.   **PRELIMINARY STATEMENT**

Pursuant to Federal Rule of Civil Procedure 72(a), Defendant Lumber Liquidators, Inc. respectfully objects to the discovery-related Memorandum and Order entered by Chief Magistrate Judge Mann on June 5, 2019 (the "Discovery and Notice Order," Dkt. 84).

This is a putative collective action case brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). Chief Magistrate Judge Mann conditionally certified Plaintiffs' proposed nationwide collective action on May 13, 2019 (Dkt. 70). The Court then granted Defendant until June 11, 2019 to object to her ruling (minute order, entered May 29, 2019).

Contemporaneously, Chief Magistrate Judge Mann ordered Defendant to, among other things, produce to Plaintiffs "in a computer-readable format, a list of the names, addresses, telephone numbers, email addresses, work locations and dates of employment" of every member of the nationwide conditionally-certified collective class (Dkt. 70, at 34-35). Plaintiffs sought to compel Defendant to produce that information by June 6, 2019—*i.e.*, well ahead of the Court-established June 11th deadline for Defendant to object to the underlying conditional certification order itself (Dkt. 80). Defendant opposed Plaintiffs' motion, and requested that any such discovery and related notice to the collective be *temporarily* stayed until the Court had the opportunity to address Defendant's objections to the conditional certification order itself (Dkt. 82, 83).

Through her Discovery and Notice Order, Chief Magistrate Judge Mann denied Defendant's requests and ordered Defendant to produce all such information to Plaintiffs by June 12th, after concluding that there "was no sound basis for delaying notice to the collective" during the pendency of this Court's consideration of Defendant's objections to her conditional certification order (Discovery and Notice Order, at 3). Defendant respectfully contends that the Discovery and Notice Order is based on clearly erroneous findings and is contrary to law.

II.   **STANDARD OF REVIEW**

A district court "may modify or set aside any part of [a magistrate's non-dispositive] order that is clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a); *see also* 28 U.S.C. §

636(b)(1)(A) ("A judge of the court may reconsider any [non-dispositive] pretrial matter … where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."). A finding is "'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). An order is contrary to law "when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Catskill Dev., L.L.C. v. Park Place Entm't Corp.,* 206 F.R.D. 78, 86 (S.D.N.Y. 2002).

### III. ARGUMENT

#### A. The Discovery and Notice Order is Clearly Erroneous And Contrary to Law Because It Imposes Legal Obligations Diverging From Past Judicial Decision And Practice.

This Court, like many other courts in this Circuit, has repeatedly stayed the dissemination of notice to the members of FSLA collectives—along with the production of identifying information about the potential members of such collectives—pending resolution of defendants' objections to the conditional certification of such collectives. *See, e.g.*, Minute Order, *Hernandez v. Immortal Rise, Inc.*, No. 1:11-cv-04360-LB (E.D.N.Y. October 2, 2012) (staying notice to collective, along with defendant's obligation to produce identifying information on the collective members, pending resolution of defendant's objection to conditional certification order); Order, *Ahmed v. T.J. Max Corp.*, No. 2:10-cv-03609 (E.D.N.Y. Nov. 20, 2012) (CM/ECF Dkt. 70) (same); Minute Order, *Velasquez v. Digital Page, Inc.*, No. 2:11-cv-3892-LDW-AKT (E.D.N.Y. May 4, 2012) (staying discovery of identifying information concerning collective members pending resolution of defendant's objection to conditional certification order); Order, *Wang v. Shun Lee Palace Rest., Inc.*, No. 1:17-cv-840 (S.D.N.Y. July 18, 2018) (CM/ECF Dkt. 83) (staying dissemination of notice to collective pending resolution of defendant's motion for reconsideration of collective certification order).

Courts have done so because of the prejudice and confusion that could result to defendants and putative collective members in the event that the certification of the collective is denied or

modified after review. *Id.*; *accord Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170-71 (1989) (courts should ensure that an FSLA notice is accurate, not misleading or confusing, and disseminated in such "an efficient and proper way" that it allows employees to "make informed decisions about whether to participate"). *Accord* MANUAL FOR COMPLEX LITIGATION (FOURTH), § 21.28, at 284 (2004) (in the analogous Rule 23 context, noting that a court "should ordinarily stay the dissemination of class notice [during the pendency of the review of a class certification order] to avoid the confusion and the substantial expense of re-notification that may result from … reversal or modification [of the certification order]").

The Discovery and Notice Order at issue here is clearly erroneous and contrary to law because it diverges from such past authority and practice, obligating Defendant to produce information on potential collective members around the country *now*, for the purpose of providing absentee persons with notice about rights that—depending on how Defendant's objections to conditional collective certification are resolved—*they may or may not even have.* And, although Defendant referenced such prior decisions in earlier briefing, Chief Magistrate Judge Mann did not address them in her Discovery and Notice Order. Understandably, Chief Magistrate Judge Mann may believe her conditional certification order well-reasoned and likely to be adopted by this Court. However, that provides no ground for diverging from prior authority and practice, particularly where doing so risks prejudice and confusion to Defendant and the potential collective members.

    **B.**     **The Discovery and Notice Order is Clearly Erroneous And Contrary to Law Because It Imposes a Burden on Defendant of Demonstrating Potential Prejudice Far Beyond Prior Court Precedent.**

In opposing Plaintiffs' motion to compel and in moving for temporary notice and discovery stay, Defendant argued that a stay:

> … will not prejudice the collective because even if the Court denies Defendant's Rule 72 objections, notice will eventually go out to the entire collective as defined by the Court.

> On the other hand, if the Court agrees with Defendant and finds that the collective was too broadly defined, but the deadline to disseminate notice is not stayed, notice will go out to employees who are not entitled to such notice.
>
> ….
>
> Granting the relief requested is the sole manner that will avoid significant prejudice to Defendant should the Court sustain Defendant's objections. Specifically, a determination by the Court that sustains the objections would be moot if notice was already posted and sent to potential opt-in plaintiffs. Should the Court grant the relief requested herein, Defendant will produce the contact information to Plaintiffs within 24 hours if Defendant's objections are overruled.

(Dkt. 82, at 1-2). In her Discovery and Notice Order, Chief Magistrate Judge Mann concluded this failed to adequately "describe the prejudice [Defendant] would suffer" from allowing notice and collective member discovery now, ahead of the resolution of its objections to her conditional certification order, "nor is any potential prejudice self-evident" (Dkt. 84, at 2-3).

Chief Magistrate Judge Mann's findings in this regard are clearly erroneous and contrary to law because they attempt to impose a burden on Defendant of demonstrating prejudice contrary to and far above that previously required by this Court. In *Hernandez*, *Ahmed*, and *Velasquez*, for example, notice and discovery stays similar to that requested by Defendant here were granted even though the defendants in those cases offered no showing of potential prejudice beyond that offered by Defendant here. *Compare* Dkt. 82, at 1-2, *with* Motion to Stay Objections, at 1-2, *Hernandez v. Immortal Rise, Inc.*, No. 1:11-cv-04360-LB (E.D.N.Y. October 1, 2012) (CM/ECF Dkt. 38) (offering comparable showing of potential prejudice as that offered by Defendant in this action); Motion to Stay, at 1, *Ahmed v. T.J. Max Corp.*, No. 2:10-cv-03609 (E.D.N.Y. Nov. 16, 2012) (CM/ECF Dkt. 68) (same); Motion to Stay, at 1, *Velasquez v. Digital Page, Inc.*, No. 2:11-cv-3892-LDW-AKT (E.D.N.Y. May 2, 2012) (CM/ECF Dkt. 43) (offering nothing more statement that "[i]f defendants' objections are sustained, they will suffer substantial prejudice if the information is produced").

Moreover, the Discovery and Notice Order's conclusion that "any potential prejudice" from denying a temporary stay is not "self-evident" contravenes prior case law and the conclusion of the Federal Judicial Center that premature notice sent during the pendency of the review of a

certification order should generally be presumed to risk prejudice and the possibility of confusion for public policy reasons. *See, e.g.,* MANUAL FOR COMPLEX LITIGATION (FOURTH), § 21.28, at 284; *see also Brown*, 2012 WL 5818300, at *4; *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 286 F.R.D. at 94.

**IV. CONCLUSION**

For at least the foregoing reasons, the Discovery and Notice Order should be set aside, and a *temporary* stay of notice to the collective, along with discovery of information concerning the collective's membership, be entered. As the above authorities demonstrate, entry of such a stay will in keeping with the prior practices and decisions of this Court, and will minimize the potential prejudice and confusion that reversal or modification of the conditional certification order may have on Defendant and the potential collective members, while imposing no conceivable prejudice on the Plaintiffs themselves due to the temporary nature of such relief.

Date: June 10, 2019
New York, New York

*/s/ Christine L. Hogan*
Christine L. Hogan
Kevin K. Yam
LITTLER MENDELSON, P.C.
900 Third Avenue, 8th Floor
New York, NY 10022.3298
212.583.9600

*Attorneys for Defendant
  Lumber Liquidators, Inc.*