

**Littler Mendelson, PC**
900 Third Avenue
New York, NY  10022.3298

Christine L. Hogan
212.583.2676 direct
212.583.9600 main
212.898.1116 fax
clhogan@littler.com

June 10, 2019

**VIA ECF**
Honorable Roanne L. Mann
Chief United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Mason et al. v. Lumber Liquidators*, Case No. 17-cv-04780 (MKB) (RLM)

Dear Judge Mann:

We write on behalf of Defendant to oppose Plaintiffs' letter motion to compel (Docket Entry No. 85). As Defendant has already agreed to produce discovery regarding the arbitration agreements and are filing objections to Plaintiffs' conditional certification, we request that Plaintiffs' letter motion to compel discovery be denied.

1. **Defendant Agreed to Produce Discovery Regarding the Arbitration Agreements**

Plaintiffs mischaracterize the meet and confer efforts by Defendant. In a good faith effort to resolve the discovery issues pertaining to the arbitration agreements, Defendant agreed to produce the updated PST files for its present custodians and run new search terms related to the arbitration agreements. We explained to Plaintiffs that any relevant emails would be found in Jay Keith's mailbox, the Vice President of Human Resources and one of the present custodians, because he spearheaded the communications pertaining to the arbitration agreements. Defendant also explained to Plaintiffs that collecting the mailboxes of the entire legal and HR departments would be duplicative, costly, and burdensome as any non-privileged documents related to the arbitration agreements would be captured in a review of Jay Keith's mailbox, as well as the other present custodians (which include the mailboxes of eleven corporate executives, stores, and regional managers).  And, in an additional effort to be cooperative, Defendant also agreed to collect and produce responsive documents from two case-specific mailboxes, Mason@lumberliquidators. com and Kramer@lumberliquidators.com.

Accordingly, Plaintiffs' request for the mailboxes of *all* regional managers is nothing but a fishing expedition as Defendant has already agreed to search for and produce the relevant communications.  Going as far as to collect and search through numerous mailboxes that will

likely have minimal to no additional relevant evidence is the very definition of oppressive, harassing and burdensome.

Moreover, Defendant did not ignore Plaintiffs. As the parties continued to confer over email production, Defendant, as a show of further cooperation, without delay, produced to Plaintiffs' counsel on May 21, 2019, the initial documents requested that pertained to the arbitration agreements.[1] Given that Defendant has already agreed to search for and produce the relevant and proportional discovery pertaining to the arbitration agreements, we request that this Court deny Plaintiffs' motion to compel even further discovery on the matter.

**2. Defendant Respectfully Requests a Stay on Nationwide Discovery**

Defendant did not unilaterally stay discovery. Pursuant to Federal Rule of Civil Procedure 72(a), Defendant will be filing objections ("Rule 72(a) objections") on or before June 11, 2019 to the Court's decision (Docket Entry No. 70) granting Plaintiffs' motion for conditional certification of a collective action and court-authorized notice under the Fair Labor Standards Act 29 U.S.C. § 216(b). Whether Plaintiff is entitled to nationwide discovery should only be determined after the District Court enters a decision on Defendant's Rule 72(a) objections to the nationwide collective. Principles of proportionality dictates that Defendant should not produce nationwide class discovery at this time if the scope of the collective is potentially to be limited by the District Court's decision.

Plaintiffs also did not provide any compelling reason that they should receive nationwide discovery before the District Court's decision on the objections. Producing nationwide discovery prematurely could significantly harm and prejudice Defendant, aside from the burden and costs associated with even initiating such a process. Plaintiffs were notified of Defendant's forthcoming Rule 72(a) objections and are aware of the procedure that follows but insists on wasting the Court's time with this letter motion. We respectfully request that the Court deny Plaintiffs' motion to compel nationwide discovery and institute a temporary stay on nationwide discovery until the District Court decides on Defendant's Rule 72(a) objections.

\*         \*         \*

Defendant respectfully requests that the Court deny Plaintiffs' letter motion to compel in its entirety.

Respectfully submitted,

Christine L. Hogan

cc: All counsel of record (via ECF)

---

[1] Defendant's production, Volume 13 served to Plaintiffs on May 21, 2019, consisted of a copy of the arbitration agreement, arbitration cover letter, draft of the arbitration cover letter, and a power point presentation regarding the arbitration agreements.