UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ASHLEIGH MASON, DAN MORSE, RYAN
CARROLL, OSAGIE EHIGIE, and TRAVIS
STREETER, on behalf of themselves and all others
similarly-situated,

                    Plaintiffs,

              -against-

LUMBER LIQUIDATORS, INC.,

                  Defendant.

Civ. No. 17-cv-04780 (MKB) (RLM)

**DEFENDANT'S RULE 72(a) OBJECTIONS TO
MAGISTRATE JUDGE ROANNE L. MANN'S
MAY 13, 2019 MEMORANDUM AND ORDER**

Christine L. Hogan
Kevin K. Yam
LITTLER MENDELSON, P.C.
900 Third Avenue
New York, NY 10022.3298
212.583.9600

*Attorneys for Defendant*
*LUMBER LIQUIDATORS, INC.*

# TABLE OF CONTENTS

**PAGE**

I.    PRELIMINARY STATEMENT ........................................................................ 1

II.   SPECIFIC OBJECTIONS ............................................................................... 2

III.  LEGAL ARGUMENT ..................................................................................... 3

     A.    The Decision Granting Conditional Certification And Court-Authorized Notice To A Nationwide Collective Must Be Set Aside ..................................... 3

     B.    Plaintiffs' Burden When Seeking Conditional Certification Under The FLSA .......................................................................................................... 4

     C.    The Decision Is Clearly Erroneous And Contrary To Law ................................... 5

          1.    Finding That De Facto Illegal Policy Can Form A Factual Nexus Is Directly Contrary To The Decisions In Jenkins and Guillen .................... 5

          2.    The Decision Was Further Clearly Erroneous And Contrary To Law Because It Applied The "Narrowly Construed" Standard To Determine Whether Exemptions Under The FLSA Applied To SMs And SMITs ........................................................................................ 8

          3.    The Decision Was Clearly Erroneous And Contrary To Law Because It Found That Defendant Had Waived Personal Jurisdiction As To The Entire Nationwide  Collective ............................. 9

          4.    The Decision Is Contrary To Law In Facilitating A Notice Period Based On The Date Of The Filing Of Plaintiff's Motion For Conditional Certification ..................................................................... 12

IV.  CONCLUSION ............................................................................................. 13

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*American Express Co. v. Italian Colors Restaurant*,
    570 U.S. 228, 133 S.Ct. 2304, 186 L.Ed.2d 417 (2013)..........................................................9

*Barfield v. N.Y. City Health & Hosps. Corp.*,
    No. 05-civ-6319, 2005 U.S. Dist. LEXIS 28884 (S.D.N.Y. Nov. 18, 2005)..........................4

*Bristol-Myers Squibb v. Superior Ct. of Calif.*,
    137 S.Ct. 1773 (2017)............................................................................................................11

*Brown v. Lockheed Martin Corp.*,
    814 F.3d 619 (2d Cir. 2016)...............................................................................................9, 10

*Daimler AG v. Bauman*,
    571 U.S 117 ............................................................................................................................9

*In re Dental Supplies Antitrust Litig.*,
    No. 16 Civ. 696 (BMC)(GRB), 2017 U.S. Dist. LEXIS 153265 (E.D.N.Y.
    Sept. 20, 2017) ......................................................................................................................11

*Encino Motorcars, LLC v. Navarro*,
    138 S. Ct. 1134 (2018)........................................................................................................2, 9

*Enriquez v. Cherry Hill Mkt. Corp.*,
    10-cv-5616, 2012 U.S. Dist. LEXIS 17036 (E.D.N.Y. Feb. 10, 2012) (Block,
    J.)...........................................................................................................................................12

*Garcia v. Peterson*,
    319 F.Supp.3d 863 (S.D. Tex. 2018) ....................................................................................11

*Guillen v. Marshalls of MA, Inc.*,
    09-cv-9575, 2012 U.S. Dist. LEXIS 4364 (S.D.N.Y. Jan. 13, 2012) ...........................1, 4, 6, 7

*Guillen v. Marshalls of MA, Inc.*,
    09-cv-9575, 2012 U.S. Dist. LEXIS 91639 (S.D.N.Y. July 2, 2012)............................. *passim*

*Guillen v. Marshalls of MA, Inc.*,
    750 F. Supp. 2d 469 (S.D.N.Y. 2010)........................................................................1, 4, 6, 7

*Henson v. Santander Consumer USA Inc.*,
    582 U.S. ——, ——, 137 S.Ct. 1718 (2017)........................................................................9

**TABLE OF AUTHORITIES**
(CONTINUED)

**Cases**

*Hernandez v. Immortal Rise, Inc.*,
   11-cv-4360, 2012 U.S. Dist. LEXIS 136556 (E.D.N.Y. Sept. 24, 2012)
   (Bloom, J.) ........................................................................................................12

*Hoffmann v. Sbarro, Inc.*,
   982 F. Supp. 249 (S.D.N.Y. 1997) (Sotomayor, J.)..............................................12

*Jenkins v. The TJX Companies, Inc.*,
   2012 U.S. Dist. LEXIS 46394 (E.D.N.Y. Mar. 31, 2012) (Spatt, J.)............................. *passim*

*Khan v. Airport Management Services, LLC*,
   2011 U.S. Dist. LEXIS 133134 (S.D.N.Y. Nov. 16, 2011) ..................................1, 6

*King Cty. v. IKB Deutsche Industriebank AG*,
   769 F. Supp. 2d 309 (S.D.N.Y. 2011).................................................................11

*Lujan v. Cabana Mgmt., Inc.*,
   No. 10-cv-755, 2011 U.S. Dist. LEXIS 9542 (E.D.N.Y. Feb. 1, 2011) ...................8

*Maclin v. Reliable Reports of Texas, Inc.*,
   314 F.Supp.3d 845 (N.D. Ohio 2018)..................................................................11

*Madero v. Trattoria La Regina, Inc.*,
   789 F. Supp. 2d 401 (E.D.N.Y. 2011) (Spatt, J.) .................................................12

*Morales v. Plantworks, Inc.*,
   No. 05-civ-2349, 2006 U.S. Dist. LEXIS 4267 (S.D.N.Y. Feb. 2, 2006) ...........4, 5

*Myers v. Hertz*,
   624 F.3d 537 (2d Cir. 2010)............................................................................1, 4

*Patton v. Thomson Corp.*,
   364 F. Supp. 2d 263 (E.D.N.Y. 2005) (Orenstein, J.)...........................................12

*Prizmic v. Armour, Inc.*,
   No. 05-cv-2503, 2006 U.S. Dist. LEXIS 42627 (E.D.N.Y. June 12, 2006) ..............4

*Rodriguez v. United States*,
   480 U.S. 522, 107 S.Ct. 1391, 94 L.Ed.2d 533 (1987) (per curiam ) .......................9

*Roy v. FedEx Ground Package Sys., Inc.*,
   353 F.Supp.3d 43 (D. Mass. 2018) ....................................................................11

# TABLE OF AUTHORITIES
### (CONTINUED)

PAGE

**Cases**

*Sobczak v. AWL Indus.*,
  540 F. Supp. 2d 354 (E.D.N.Y. 2007) (Cogan, J.)..................................................12

*Suvill v. Bogopa Service Corp.*,
  Civ. A. No. 11-3372, 2014 U.S. Dist. LEXIS 141095 (E.D.N.Y. Sept. 30,
  2014) (Townes, J.) ..................................................................................................3

*Tribune Co. v. Purcigliotti*,
  93-cv-7222, 1998 U.S. Dist. LEXIS 5155 (S.D.N.Y. Apr. 14, 1998) ......................3

*Trinidad v. Pret a Manger (USA) Ltd.*,
  No. 12-civ-6094, 2013 U.S. Dist. LEXIS 97544 (S.D.N.Y. July 11, 2013)............8

*United States v. U.S. Gypsum Co.*
  333 U.S. 364 (1948)..................................................................................................3

**Statutes**

28 U.S.C. § 636(b)(1)(C) .................................................................................................3

29 U.S.C. § 255 ..............................................................................................................12

Fair Labor Standards Act, 29 U.S.C. § 216(b)........................................................ *passim*

**Other Authorities**

FED. R. CIV. P. 72(a)................................................................................... *passim*

FED. R. CIV. P. 72(b)(3) .................................................................................................3

Rule 72 ............................................................................................................................8

## I.      PRELIMINARY STATEMENT

Pursuant to Federal Rule of Civil Procedure 72(a), Defendant Lumber Liquidators, Inc.

("Defendant"), hereby submits its objections to Chief Magistrate Judge Roanne L. Mann's May

13, 2019 Memorandum and Order (the "Decision," Dkt. 70), which granted Plaintiffs' motion for

conditional certification of a collective action and court-authorized notice under the Fair Labor

Standards Act ("FLSA"), 29 U.S.C. § 216(b).   If sustained in its entirety, the Decision will

dramatically expand the scope of this litigation, as it will result in notice issuing to *approximately*

*1,000* Managers ("SMs") and Store Managers in Training ("SMITs") at hundreds of Defendant's

retail locations throughout the country, without first requiring Plaintiffs to meet their burden of

proof.

Defendant respectfully submits that the Decision is clearly erroneous in its findings,

contrary to well-established law in the Second Circuit, and should be set aside.  *See Myers v. Hertz*,

624 F.3d 537 (2d Cir. 2010); *Jenkins v. The TJX Companies, Inc.*, 2012 U.S. Dist. LEXIS 46394

(E.D.N.Y. Mar. 31, 2012) (Spatt, J.); *Guillen v. Marshalls of MA, Inc.*, 09-cv-9575, 2012 U.S.

Dist. LEXIS 91639 (S.D.N.Y. July 2, 2012) ("*Guillen III*"); *Guillen v. Marshalls of MA, Inc.*, 09-

cv-9575, 2012 U.S. Dist. LEXIS 4364 (S.D.N.Y. Jan. 13, 2012) ("*Guillen II*"); *Guillen v.*

*Marshalls of MA, Inc.*, 750 F. Supp. 2d 469 (S.D.N.Y. 2010) ("*Guillen I*") (collectively,

"*Guillen*"); *see also Khan v. Airport Management Services, LLC*, 2011 U.S. Dist. LEXIS 133134,

at *12-13 (S.D.N.Y. Nov. 16, 2011) (citing *Guillen I* with approval).

The Decision essentially undermines the consistent application of law.  This Court and the

Southern District of New York denied motions for conditional certification in *Jenkins* and *Guillen,*

cases which involved nearly identical claims challenging the exempt status of Assistant Store

Managers at TJX's Marshalls and HomeGoods retail operations.   The Decision is also

fundamentally in conflict with the holdings of *Guillen* and *Jenkins,* which clearly establish that

Plaintiff cannot conditionally certify a nationwide collective based merely on the existence of a "common facially illegal or *de facto* illegal policy" allegedly requiring SMs and SMITs to perform non-exempt work.  *Jenkins*, 2012 U.S. Dist. LEXIS 46394, at *12; *see also Guillen III*, 2012 U.S. Dist. LEXIS 91639, at *4-6.  Despite the carefully reasoned opinions in the *Guillen* cases, the Decision reflects no analysis of these cases at all, and only contains brief, passing citations to *Jenkins*, with no analysis of that case.

First, clearly erroneous and contrary to law, the Decision points to an unsubstantiated "*de facto* illegal policy" as the basis for finding that Plaintiffs had met their burden of showing that they are similarly situated to a *nationwide* collective and for court-authorized notice under the FLSA.  (Dkt. 70, Decision, at 19, 24.)

Further, the Decision is clearly erroneous and contrary to law because it misapplied a "narrowly construed" standard (Dkt. 70, Decision, at 18), which has been rejected by the U.S. Supreme Court in *Encino Motorcars, LLC v. Navarro,* 138 S. Ct. 1134, 1142 (2018), to determine whether exemptions under the FLSA applied to the SMs and SMITs at issue in this action.

Finally, given the dramatic expansion of the scope of this action if the Decision is not set aside, the finding that Defendant waived personal jurisdiction as to the entire *nationwide* collective is clearly erroneous and contrary to law.

## II.     SPECIFIC OBJECTIONS

Defendant hereby objects to the following findings in the Decision:

1.     The Decision's finding that a "*de facto* illegal policy" (Dkt. 70, Decision, pp. 19, 24) of allegedly requiring non-exempt work of exempt SMs and SMITs can form a factual nexus between Plaintiffs and the putative collective sufficient to support court-authorized notice to a *nationwide* collective, which squarely contradicts the findings in *Jenkins* and *Guillen*;

2.     The Decision's finding that a "narrowly construed" standard was applicable to determine whether the FLSA exemptions apply to the SMs and SMITs in this action, which was specifically rejected by the U.S. Supreme Court in *Encino Motorcars, LLC*;

3.      The Decision's finding that Defendant waived its right to challenge the Court's exercise of specific personal jurisdiction as to the entire *nationwide* collective; and

4.      The Decision's finding that the notice period should be keyed to the date of the filing of Plaintiffs' motion for conditional certification as opposed to the date of the Court's final ruling on Defendant's Rule 72(a) Objections.

## III.    LEGAL ARGUMENT

### A.    The Decision Granting Conditional Certification And Court-Authorized Notice To A Nationwide Collective Must Be Set Aside.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  Under Rule 72(a), "a district court judge may modify or set aside any portion of a magistrate judge's order on a non-dispositive matter only to the extent that the order is '[1] clearly erroneous or [2] contrary to law.'" *Tribune Co. v. Purcigliotti*, 93-cv-7222, 1998 U.S. Dist. LEXIS 5155, at *12-13 (S.D.N.Y. Apr. 14, 1998) (quoting FED. R. CIV. P. 72(a)).  A finding is "'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *United States v. U.S. Gypsum Co.* 333 U.S. 364, 395 (1948).  An order is "contrary to law" when "it fails to apply or misapplies relevant statutes, case law or rules of procedure."  *Tribune Co.*, 1998 U.S. Dist. LEXIS 5155, at *12-13 (citations omitted)

Further, "[a] judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  *Id; see also* FED. R. CIV. P. 72(b)(3) (the "district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."); *Suvill v. Bogopa Service Corp.*, Civ. A. No. 11-3372, 2014 U.S. Dist. LEXIS 141095 (E.D.N.Y. Sept. 30, 2014) (Townes, J.) (declining to adopt the magistrate judge's

recommendation and denying plaintiffs' motion for class certification).  For the reasons articulated below, the Court should reject the Magistrate's May 13, 2019 Memorandum and Order Granting Plaintiff's Motion to Certify FLSA Collective Action.  (Dkt. 70.)

**B.      Plaintiffs' Burden When Seeking Conditional Certification Under The FLSA**

As described by the Second Circuit in *Myers v. Hertz*, and as thoroughly analyzed in *Guillen I*, *Guillen II*, affirmed in *Guillen III*, and applied by this Court in *Jenkins*, Plaintiffs must establish that they are "similarly situated to the [potential opt-in] plaintiffs with respect to whether a FLSA violation has occurred."  *Myers*, 624 F.3d at 555.  In short, as *Jenkins* held, "the Court must find some ***identifiable factual nexus*** which binds the named plaintiffs and potential class members together as victims of a particular practice."  *Jenkins*, 2012 U.S. Dist. LEXIS 46394, at *10 (emphasis added) (citations omitted); *Guillen III*, 2012 U.S. Dist. LEXIS 91639, at *3.  Where, as here, plaintiffs argue that they performed duties contravening their training, job descriptions, and applicable policies, they must show some evidence from which the court could infer that other individuals primarily performed non-exempt tasks in contravention of the formal job description. *See Jenkins*, 750 F. Supp. 2d at 476; *Guillen II*, 2012 U.S. Dist. LEXIS 4364, at *6.

"'Mere allegations in the complaint are not sufficient; some factual showing by affidavit or otherwise must be made'" to warrant conditional certification.  *Prizmic v. Armour, Inc.*, No. 05-cv-2503, 2006 U.S. Dist. LEXIS 42627, at *6 (E.D.N.Y. June 12, 2006); *Barfield v. N.Y. City Health & Hosps. Corp.*, No. 05-civ-6319, 2005 U.S. Dist. LEXIS 28884, at *3 (S.D.N.Y. Nov. 18, 2005).  To meet their burden of proof, Plaintiffs must put forth evidence "sufficient to demonstrate that plaintiffs and potential class members were victims of ***a common scheme or plan that violated the law***."  *Morales v. Plantworks, Inc.*, No. 05-civ-2349, 2006 U.S. Dist. LEXIS 4267, at *6 (S.D.N.Y. Feb. 2, 2006) (emphasis added).  A factual showing that pertains primarily to the named

4

plaintiffs is will not suffice.  *Id*., at *7.  Here, Plaintiffs entirely fail to meet their burden, and the Decision should be set aside.

C.     **The Decision Is Clearly Erroneous And Contrary To Law.**

1.     **Finding That *De Facto* Illegal Policy Can Form A Factual Nexus Is Directly Contrary To The Decisions In *Jenkins* and *Guillen*.**

The Decision explicitly recognized that "***plaintiffs do not allege that an official policy of defendant violated the FLSA***, but instead contend that they were subject to a ***de facto illegal policy*** because in practice they, along with other SMs and SMITs classified as exempt, primarily performed non-exempt tasks." (Dkt. 70, Decision, p. 19, emphasis added).  To support this finding, the Decision erroneously infers from a handful of declarations purporting to substantiate a *de facto* illegal policy on Defendant's part to allegedly require non-exempt work from exempt SMs and SMITs.  The Decision then compounds this error by extrapolating and granting conditional certification of a nationwide collective, based on Plaintiffs' meager factual showing in a handful of declarations, which pertain only to Plaintiffs themselves, and do not support court-authorized notice on such an expanded scale.  *Morales*, 2006 U.S. Dist. LEXIS 4267, at *7.  By failing to recognize this glaring lack of evidence of similarly-situated SMs and SMITs required by a common policy, de facto or otherwise, to perform non-exempt work, the Decision reached erroneous conclusions which are contrary to the holdings in *Jenkins* and *Guillen*.

In *Jenkins*, the plaintiff argued that nationwide notice was appropriate for all Assistant Store Managers ("ASMs") employed at HomeGoods stores across the country "because all ASMs were subject to uniform formal policies[,]" including a formal policy describing ASM job duties, one set of management training materials, and a single job description.  2012 U.S. Dist. LEXIS 46394, at *8-11.  "Notably," this Court observed, "the Plaintiff does not allege that HomeGoods' official, formal policy mandates non-exempt job duties and thus violates the FLSA in and of itself.

Rather, the Plaintiff alleges that, ***in practice***, he primarily performed non-exempt duties, such as cleaning, sweeping, bagging products, hanging store signs, taking out the garbage, and unloading the delivery trucks." *Id.* (emphasis added).  In other words, the plaintiff in *Jenkins* actually based his request for conditional certification upon the alleged existence of a "common ***de facto*** policy requiring ASMs to perform non-exempt tasks[,]" but then made the unsupported leap that this "***de facto*** policy" was an experience common in every HomeGoods store across the country.  *Id.* (emphasis added).  This Court in *Jenkins* expressly declined to make such a broad and unsupported inference as justification for issuing notice to a nationwide class.

Specifically, as this Court noted – and as is directly relevant here – "the argument a plaintiff need only show that he performed tasks in contravention of a common legal policy 'boils down to the proposition that any employee classified as exempt by a company that does business nationwide is entitled to approval of a collective action for all employees of that business – who may number in the thousands and be spread across 50 states – simply based on the employee's testimony that he was required to perform non-exempt tasks.'"  *Jenkins*, 2012 U.S. Dist. LEXIS 46394, at *17 (citing *Guillen II*, 2012 U.S. Dist. LEXIS 4364, at *10).

This Court in *Jenkins* rejected "this argument because it ignores the requirement that plaintiff show he is similarly situated ***to the employees he proposes to include in the collective action*** with respect to his claim that he performed non-exempt duties*."  *Id*. (emphasis in original); *see also Khan*, 2011 U.S. Dist. LEXIS 133134, at *12-13 (citing *Guillen I* and cited in *Jenkins*, rejecting conditional certification where the plaintiff was not attacking his employer's formal policies, but instead, "that he and other employees were not given duties in conformity with these policies.").

The decision in *Jenkins* is in accord with the *Guillen* decisions, where the court also explicitly recognized this fundamental disconnect in the litigation, involving Marshalls ASMs who are subject to lawful corporate policies and training procedures:

> Guillen's conclusory statement that 'Marshalls employed a high degree of standardized operational practices at [his] store including the use of a standardized management training program, standardized employment policies and . . . an identical hierarchical management structure,' . . . does little to add to the inference that ASMs nationwide were similarly situated to Guillen with respect to his claim that he was required to spend a majority of his time performing non-exempt tasks.  There is no information provided as to the nature of these 'standardized operational practices' and how they relate to the claim that Marshalls' ASMs are required to perform non-exempt tasks for a majority of their workweek in contravention of the ASM job description.

*Guillen I*, 750 F. Supp. 2d at 477-78; *see also Guillen II*, 2012 U.S. Dist. LEXIS 4364, at *8 (despite conducting extensive additional discovery, plaintiff's second motion for conditional certification "adds virtually no evidence suggesting that Guillen is similarly situated to ASMs in Marshalls stores nationwide with respect to the main contention in the case:  that he was required to perform tasks that rendered him non-exempt from the FLSA's overtime requirements.").

Notably, Senior District Judge Preska of the Southern District of New York, upon *de novo* review of Plaintiff's objections to *Guillen II*, adopted the findings and noted that "courts in [the Second Circuit] have routinely held that the mere fact of a common FLSA-exempt designation, job description, or uniform training is insufficient to find ASMs 'similarly situated' for FLSA purposes."  *Guillen III*, 2012 U.S. Dist. LEXIS 91639, at *3 (collecting cases).

Despite the similarities in this case to *Jenkins* and *Guillen*, and the extensive, well-reasoned analyses provided therein, the Decision ignored entirely the *Guillen* trio of cases, citing only in passing to *Jenkins* (Decision, p. 19),  and wholly accepted the "boil[ed] down . . . proposition" that was summarily rejected in *Jenkins* and *Guillen*.  Because, under the Decision's analysis, there is no foreseeable circumstance where the conditional certification burden could not be satisfied, the

finding that the existence of a "*de facto* illegal policy" is sufficient to satisfy Plaintiff's burden for conditional certification is clearly erroneous, contrary to law, and must be set aside.  FED. R. CIV. PROC. 72(a).

In the absence of any evidence other than anecdotal testimony to support conditional certification of hundreds of Defendant's other retail locations,  this Court should limit conditional certification to the locations in New York where the original named Plaintiffs worked, or at most, to the locations where the named Plaintiffs and original opt-in Plaintiffs worked.  *See Trinidad v. Pret a Manger (USA) Ltd*., No. 12-civ-6094, 2013 U.S. Dist. LEXIS 97544, at *28 (S.D.N.Y. July 11, 2013) (conditionally certifying only six of the defendants' 33 stores, because the factual allegations were limited to the locations where the plaintiffs worked, and even in those locations, the allegations of violations were not systematic or uniform); *Lujan v. Cabana Mgmt., Inc*., No. 10-cv-755, 2011 U.S. Dist. LEXIS 9542, at *25 (E.D.N.Y. Feb. 1, 2011) (conditionally certifying employees at three New York restaurants based on declarations from workers representing each location, but declining to certify employees at the three Florida restaurants because the court lacked "firsthand evidence of violations").

>   **2.**   **The Decision Was Further Clearly Erroneous And Contrary To Law Because It Applied The "Narrowly Construed" Standard To Determine Whether Exemptions Under The FLSA Applied To SMs And SMITs.**

The Decision is clearly erroneous and contrary to law under Rule 72 as it found that "[b]ecause the FLSA is a remedial act, its exemptions are to be ***narrowly construed*** and the employer bears the burden of proving that its employees fall within an exempted category of the Act."  (Dkt. 70, Decision, p. 18, emphasis added.)  However, in *Encino Motors, LLC*, the U.S. Supreme Court's explicitly rejected the notion that FLSA exemptions should be construed narrowly:

> The Ninth Circuit also invoked the principle that exemptions to the FLSA should be construed narrowly. 845 F.3d, at 935–936. ***We reject this principle as a useful guidepost for interpreting the FLSA. Because the FLSA gives no "textual indication" that its exemptions should be construed narrowly, "there is no reason to give [them] anything other than a fair (rather than a 'narrow') interpretation."*** Scalia, Reading Law, at 363. The narrow-construction principle relies on the flawed premise that the FLSA " 'pursues' " its remedial purpose " 'at all costs.' " *American Express Co. v. Italian Colors Restaurant*, 570 U.S. 228, 234, 133 S.Ct. 2304, 186 L.Ed.2d 417 (2013) (*quoting Rodriguez v. United States*, 480 U.S. 522, 525–526, 107 S.Ct. 1391, 94 L.Ed.2d 533 (1987) (per curiam )); *see also Henson v. Santander Consumer USA Inc.*, 582 U.S. —— ——, ——, 137 S.Ct. 1718, 1725 (2017) ("[I]t is quite mistaken to assume ... that whatever might appear to further the statute's primary objective must be the law" (internal quotation marks and alterations omitted)). But the FLSA has over two dozen exemptions in § 213(b) alone, including the one at issue here. Those exemptions are as much a part of the FLSA's purpose as the overtime-pay requirement. *See id.*, at ——, 137 S.Ct., at 1725 ("Legislation is, after all, the art of compromise, the limitations expressed in statutory terms often the price of passage"). ***We thus have no license to give the exemption anything but a fair reading***.

*Encino Motorcars, LLC v. Navarro,* 138 S. Ct. 1134, 1142 (2018) (emphasis added).  Because the Decision granting court-authorized notice was premised, in part, on the fundamentally flawed and incorrect principle that exemptions under the FLSA, such as the executive and administrative exemptions at issue here, must be "narrowly construed," the Court should set aside the Decision as clearly erroneous and contrary to law.  FED. R. CIV. PROC. 72(a).

### 3. The Decision Was Clearly Erroneous And Contrary To Law Because It Found That Defendant Had Waived Personal Jurisdiction As To The Entire *Nationwide* Collective.

The Second Circuit recently affirmed that "when a corporation is neither incorporated nor maintains its principal place of business in a state, mere contacts, no matter how 'systematic and continuous,' are extraordinarily unlikely to add up to an "exceptional case" supporting exercise of general jurisdiction." *Brown v. Lockheed Martin Corp*., 814 F.3d 619, 629 (2d Cir. 2016) (*citing Daimler AG v. Bauman*, 571 U.S 117, 160, n.19).  In examining a company's contacts within a state:

> [Courts] must assess the company's local activity not in isolation, but *in the context of the company's overall activity:* the general jurisdiction inquiry does

not focus solely on the magnitude of the defendant's in-state contacts, but calls for an appraisal of a corporation's activities in their entirety, nationwide and worldwide.

*Brown*, 814 F.3d at 629.

The Decision recognized that "Defendant correctly argues that the Court lacks general jurisdiction over the claims of out-of-state putative opt-in plaintiffs because New York is neither defendant's principal place of business nor state of incorporation." (Dkt. 70, Decision, p. 11.) However, the Decision went on to find that the Court had specific jurisdiction "over the claims of out-of-state putative collective action members" pursuant to New York's long-arm statute. (*Id.* at 11-12.)

While Defendant does not concede that the Court has specific personal jurisdiction over the claims of the original named and opt-in Plaintiffs who worked *outside of New York* – where the Decision clearly errs and is contrary to law is in its finding that "[D]efendant has forfeited its defense to the Court's exercise of personal jurisdiction" as to the *entire nationwide collective*. (*Id.* at 11.) The Decision's finding that because "[D]efendant failed to raise the affirmative defense of lack of personal jurisdiction in its original answer" or amended answer, "[n]or has [D]efendant filed a motion to dismiss asserting that defense, despite having participated in pre-trial proceedings for more than a year, " it has waived its challenge to the Court's exercise of specific personal jurisdiction. (*Id*.)

During and subsequent to the pleading stages of this action, Defendant did not know that the vagaries of litigation would lead to the conditional certification of a nationwide collective, and the exercise of this Court's specific personal jurisdiction, over the multitudes of SMs and SMITs at hundreds of Defendant's locations *outside of New York*. That exercise of specific personal jurisdiction over the out-of-state putative collective members is only now manifest due to the

Decision, issued on May 13, 2019, conditionally certifying and authorizing notice to a nationwide collective.  Therefore, Defendant is timely asserting and has not forfeited its right to challenge the Court's exercise of specific personal jurisdiction over that portion of the putative collective who only worked outside of New York.

Further, the Decision notes the unsettled law and split in federal courts as to the applicability of  *Bristol-Myers Squibb v. Superior Ct. of Calif.*, 137 S.Ct. 1773 (2017), to FLSA collective actions.  *Compare Roy v. FedEx Ground Package Sys., Inc.,* 353 F.Supp.3d 43, 54-61 (D. Mass. 2018) (denying motion to send notice to out-of-state putative collective action members because of lack of personal jurisdiction)*, and Maclin v. Reliable Reports of Texas, Inc.,* 314 F.Supp.3d 845, 850-51 (N.D. Ohio 2018) (granting motion to dismiss for lack of personal jurisdiction over claims of out-of-state opt-in plaintiffs)*, with Garcia v. Peterson,* 319 F.Supp.3d 863, 880 (S.D. Tex. 2018) (denying motion to dismiss, for lack of personal jurisdiction, FLSA claims of out-of-state named plaintiffs).

Regardless, the Decision's findings are clearly erroneous because they fail to address and "attempt to side-step the due process holdings in *Bristol-Myers* by arguing that the case has no effect on the law in class actions because the case before the Supreme Court was not a class action." *In re Dental Supplies Antitrust Litig*., No. 16 Civ. 696 (BMC)(GRB), 2017 U.S. Dist. LEXIS 153265, at *37 (E.D.N.Y. Sept. 20, 2017). However, Judge Cogan of this Court held that the "constitutional requirements of due process does not wax and wane when the complaint is individual or on behalf of a class. . . . [p]ersonal jurisdiction in class actions must comport with due process just the same as any other case." *Id*; *King Cty. v. IKB Deutsche Industriebank AG*, 769 F. Supp. 2d 309, 315 (S.D.N.Y. 2011) (dismissing class action complaint for lack of personal jurisdiction because defendants' conduct lacked an articulable nexus to the plaintiffs' claims).

Because the Decision finds that Defendant has waived any personal jurisdiction challenge to a nationwide collective that has only recently been conditionally certified, it is clearly erroneous and contrary to law, and should be set aside.  FED. R. CIV. PROC. 72(a).

4.      **The Decision Is Contrary To Law In Facilitating A Notice Period Based On The Date Of The Filing Of Plaintiff's Motion For Conditional Certification.**

The Decision is contrary to law by granting "Plaintiffs [sic] request that the notice period be keyed to the date of the filing of Plaintiffs' motion for conditional certification."  (Dkt. 70, Decision, p. 39.)  Such a conclusion is contrary to long-standing precedent, which commences the relevant opt-in period three years from the date the motion for conditional certification is granted. *See Hernandez v. Immortal Rise, Inc*., 11-cv-4360, 2012 U.S. Dist. LEXIS 136556, 19-21 (E.D.N.Y. Sept. 24, 2012) (Bloom, J.) ("[D]efendants accurately point out that any notice period generally shall be measured from ***the date of the Court's order granting plaintiffs' motion for conditional certification***….") (emphasis added) (citing cases); *Enriquez v. Cherry Hill Mkt. Corp*., 10-cv-5616, 2012 U.S. Dist. LEXIS 17036, 6-7 (E.D.N.Y. Feb. 10, 2012) (Block, J.); *Madero v. Trattoria La Regina, Inc.*, 789 F. Supp. 2d 401, 402-403 (E.D.N.Y. 2011) (Spatt, J.); *Sobczak v. AWL Indus*., 540 F. Supp. 2d 354, 364-365 (E.D.N.Y. 2007) (Cogan, J.); *Patton v. Thomson Corp*., 364 F. Supp. 2d 263, 268 (E.D.N.Y. 2005) (Orenstein, J.); *Hoffmann v. Sbarro, Inc*., 982 F. Supp. 249, 264 (S.D.N.Y. 1997) (Sotomayor, J.).

There is no legal or factual basis to invite litigants to join this civil action who would otherwise be time-barred pursuant to 29 U.S.C. § 255.  If the Court deems that this case is "appropriate" for the issuance of notice, only those current or former SMs and SMITs who were employed by Defendant within the last three years, as measured from the date of the Court's final ruling on Defendant's Rule 72(a) objections, should receive court-facilitated notice.

## IV.    CONCLUSION

For all the reasons stated above, the Decision should be set aside and Plaintiffs' Motion for Conditional Certification of FLSA Collective Action and Court-Authorized Notice should be denied.

Date:   June 11, 2019
        New York, New York

*/s/ Christine L. Hogan*

Christine L. Hogan
clhogan@littler.com
Kevin K. Yam
kyam@littler.com
LITTLER MENDELSON, P.C.
900 Third Avenue
New York, NY 10022.3298
212.583.9600

*Attorneys for Defendant*
*Lumber Liquidators, Inc.*