UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ASHLEIGH MASON, DAN MORSE, RYAN CARROLL, OSAGIE EHIGIE, and TRAVIS STREETER, on behalf of themselves and all others similarly-situated,<br><br>    Plaintiffs,<br><br>  -against-<br><br>LUMBER LIQUIDATORS, INC.,<br><br>    Defendant. | Civ. No. 17-cv-04780 (MKB) (RLM)<br><br><br>**PARTIES' AGREEMENT CONCERNING SCOPE OF COLLECTIVE DISCOVERY** |

In connection with the scope of collective discovery, and in accordance with the Court's Orders during the January 3, 2020 telephonic hearing on the parties' discovery disputes, the parties hereby adopt the Orders of the Court and agree to the following:

 **I.** **Absent a Court Order, the foregoing post-conditional certification discovery shall be concluded by February 1, 2021[1].**

 **II.** **Baseline Information**

  a. "Relevant Time Period" is defined as:

   (1)  Store Managers (SM) Period: June 11, 2014 through the present

   (2) Store Managers in Training (SMIT) Period: November 22, 2014 through September 24, 2018

   (3) New York SMs Period: June 11, 2011 through the present

  b. To the extent that they exist, Lumber Liquidators will produce the following documents during the Relevant Time Period *for only the opt-in Plaintiffs* on or before February 17, 2020 (with the exception of Items 7, 8, 10(iv), where the responsive documents would instead be due 30 days before the deponent/opt-in's deposition)[2]:

   (1) Associate Productivity Reports

---

[1] This discovery deadline of February 1, 2021 has been requested because depositions will begin in March 2020 at the earliest, and even with that, the parties will still, on average, be taking more than one deposition per week until the deadline.

[2] Redactions, other than PPI (i.e., social security numbers, dates of birth), are not permitted.

(2) Payroll Data

(3) Time Sheets

(4) Alarmex/Security Records

(5) Dayforce Store Schedules

(6) PTO Policy

(7) A Representative Sample[3] of Customer Experience and Relationship Tool documents

(8) A Representative Sample of Post Goods Issues documents

(9) Information Concerning The Arbitration Agreement Rollout (except attorney-client privileged correspondence/documents which must be identified on a privilege log – and shall include search of all active RM inboxes post-February 1, 2019 when the arbitration agreements were rolled out)

   i. Plaintiffs need to provide Defendant with search terms for the arbitration agreement.  Defendant will then run the search term hits within seven (7) days thereafter to see if number of hits is reasonable. Within seven (7) days of receiving the search terms, Defendant shall advise Plaintiffs' counsel if it believes the search term hits result in too many hits. If so, the parties have five (5) days to reach an agreement, otherwise they may seek Court intervention.

(10) Personnel Files -- Defendant shall produce:

   i. the NYLL wage notices for the NY opt-ins
   ii. arbitration agreements for those opt-ins that signed one
   iii. only personnel files (such as warnings and/or performance evaluations) that are electronically stored
   iv. hardcopies of personnel files for only those opt-ins who are to be deposed

## III.    Written Discovery

a. Opt-in Plaintiffs

---

[3] "Representative sample," as used in Paragraph II(b)(7)-(8), shall be deemed relevant documents (within the relevant FLSA period) for only those opt-in plaintiffs who will be deposed.  For avoidance of doubt, Defendant need not produce CERT and/or PGI documents for those opt-ins who are not deposed.

(1) Plaintiffs choose 7.5 % of opt-ins. Defendant chooses 7.5 % of opt-ins.[4]

(2) Defendant shared an excel spreadsheet showing the opt-in list with each collective member's yearly average sales/revenue data of his or her respective store(s), as well as the Region they worked in, which is attached as **Exhibit A**.

(3) The parties shall each choose:

      i. 1/3 of their opt-ins from low revenue stores (pink designation on spreadsheet attached in Exhibit A),

      ii. 1/3 of their opt-ins from medium revenue stores (orange), and

      iii. 1/3 of their opt-ins from high revenue stores (green).

(4) Of the 15% of opt-ins selected by the Parties, Defendant shall be permitted to propound on the selected 15% of opt-in collective members one set of 25 document requests, 25 interrogatories, and 25 requests for admission.[5]

(5) All written discovery shall be accompanied with an index of what is produced, and who it applies to, together with all other meta data.

b. Regional Managers (RMs)

(1) Plaintiffs shall be permitted to propound on the RMs (who supervised the opt-ins) one set of 25 document requests, 25 interrogatories, and 25 requests for admission.

## IV. **Depositions**

(The parties will meet and confer in good faith re the final dates of each of the depositions.)

a. Plaintiffs shall be able to depose the witnesses listed below, all of whom are current employees of Lumber Liquidators, as referenced below. The length of the deposition for all witnesses other than the 30(b)(6) witnesses and RM Mike Klinga shall be limited to 4 hours of actual deposition time each.  The 30(b)(6) witnesses' and RM Mike Klinga's depositions is capped at 7 hours of actual deposition time.  If Plaintiffs believe that the deponent(s) attempted to obstruct the deposition and/or unduly delay the proceedings, Plaintiffs may apply to the Court seeking additional time to conduct a

---

[4] Defendant shall choose the representative opt-ins first.  Plaintiffs shall choose second.

[5] Plaintiffs waive their request to receive the complete inboxes of the opt-in Plaintiffs and Defendant agrees not to search the email inboxes of the opt-in Plaintiffs.  To the extent that emails from the opt-ins are produced in response to any other discovery demands, such emails may still be used.

particular deposition.  However, as Magistrate Judge Mann indicated, the parties are expected to cooperate with each other.  The witnesses are:

(1) 30(b)(6) witnesses proposed by Lumber Liquidators – who are presently identified as Jim Dyer and Jay Keith; Defendant must provide any comments to the 30(b)(6) notice on or before February 17, 2020)

(2) 3 lower-level HR representatives: (1) Mark Flynn, Director, Field HR, (2) Darlene Nix, Manager, Human Resources (East & South Regions), and (3) Kathleen Tomlinson, Manager, Human Resources (West & North Regions)

(3) RM Andrew Eaton

(4) RM Mike Klinga

(5) Plaintiffs reserve the right to depose up to 10 RMs (4 hours max for their depositions since Defendant will provide written discovery responses for all RMs who supervised opt-ins).

b. Defendant shall be permitted to take the depositions of the five Named Plaintiffs Ashleigh Mason, Dan Morse, Ryan Carroll, Osagie Ehigie, and Travis Streeter in New York City on or before May 1, 2020.  The Named Plaintiffs' depositions do not count towards the 15 % opt-in plaintiffs' depositions.

c. Defendant may seek to depose up to 15 % of opt-in plaintiffs on or before December 15, 2020.

d. Defendant may depose former RM Robert Broad and former VP David Dunsmuir.

e. The parties may depose the additional witnesses that Defendant presents in their revised initial disclosures (which must be revised by no later than 30 days from the Court's Order approving the Parties' Agreement Concerning Scope of Collective Discovery), including but not limited to non-opt in SMs and SMITs who were employed during the Relevant Time Period.

f. Nothing herein restricts the parties deposing non-employees of Defendant.

g. The parties shall petition the Court for additional depositions for good cause shown.

## V.     Place and Logistics of Opt-In Depositions

a. The selected 15 % of opt-in Plaintiffs shall have the option to have their depositions take place in: (1) New York City (2) Melville, New York, or (3) the nearest major city near their residence.

b. If the opt-in plaintiff decides to travel to New York City for his or her deposition, then Defendant shall pay the opt-in plaintiff all reasonable travel expenses (i.e.,

4

economy airfare, car service, train, parking), and lodging expenses (e.g., one night of hotel, meals, and incidental costs). Defendant will provide a travel agent to the opt-ins to secure the travel arrangements for them.

c. If the opt-in plaintiff decides to have his or her deposition take place in the nearest major city near his or her residence, then the opt-in plaintiff is responsible for his or her own travel and/or lodging expenses.

**IT IS SO STIPULATED.**

Dated: January 17, 2020

/s/ Justin R. Marino
Justin R. Marino
J.R. Stevenson
STEVENSON MARINO LLP
75 Maiden Lane, Suite 402
New York, New York 10038
Tel: (212) 939-7228
jmarino@stevensonmarino.com
jrs@stevensonmarino.com
*Attorneys for Plaintiffs*

Dated: January 17, 2020

/s/ Christine L. Hogan
Christine L. Hogan
Kevin K. Yam
LITTLER MENDELSON, P.C.
900 Third Avenue
New York, New York 10022
Tel: (212) 583-9600
CLHogan@littler.com
KYam@littler.com
*Attorneys for Defendant*

**IT IS SO ORDERED.**

Dated: _____          _____
                                        Honorable Roanne L. Mann