

Littler Mendelson, PC
900 Third Avenue
New York, NY  10022.3298

Christine L. Hogan
212.583.2676 direct
212.583.9600 main
212.898.1116 fax
clhogan@littler.com

May 27, 2020

**VIA ECF**

Honorable Margo K. Brodie
United States District Court, Courtroom 6F
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:** *Mason, et al. v. Lumber Liquidators, Inc.*, **No. 17-cv-04780 (MKB) (RLM)**

Dear Judge Brodie:

This firm represents Defendant Lumber Liquidators, Inc. ("Lumber Liquidators" or "Defendant") in this action. Per Rule 3.A of the Court's Individual Motion Practices and Rules, we write to respectfully request a pre-motion conference, and thereafter seek leave to file Defendant's anticipated Motion to Strike or Dismiss certain opt-in Plaintiffs pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**Background**

Defendant was a party to a now-settled class action litigation in California state court, *Kramer et al. v. Lumber Liquidators, Inc.* (Case No. 34-2017-00222434, Sacramento County Superior Court). A subset of 55 *Kramer* Class Members are also opt-in plaintiffs in this case (hereinafter, "*Kramer/Mason* Plaintiffs").

On September 9, 2019, the parties in the *Kramer* action fully executed a class-wide settlement (the "Settlement Agreement"). This Settlement Agreement covered "all current and/or former Store Managers and Store Managers in Training employed in the state of California by Defendant at any time between November 17, 2013 until the time of preliminary approval of the Settlement by the Court." (Exhibit A, *Kramer* Settlement Agreement, ¶ 2.3).

The Settlement Agreement broadly released all claims for unpaid wages and overtime, which were plead *or could have been pled based on the alleged facts*. Specifically, the Agreement defined "Claims" as:

> "Claims" means all claims which were plead in the operative First Amended Complaint (titled Class Action and Private Attorneys' General Act Complaint) *or which could have been pled based on the facts alleged* in the operative First Amended Complaint, *including without limitations claims for unpaid wages and overtime*, itemized wage statements, meal and rest period wages and premiums, record keeping violations, unpaid business expenses, untimely

Honorable Margo K. Brodie
May 27, 2020
Page 2

      final paychecks, and unfair competition.

(Ex. A, ¶ 2.2 (emphasis added)).

On January 17, 2020, the Sacramento County Superior Court granted its final approval of the class-wide Settlement Agreement. (Exhibit B, Final Order and Judgment Granting Plaintiffs' Motion for Final Approval of Class Action Settlement (the "Final Order")). No putative class member opted out of the Settlement Agreement.

On January 22, 2020, Notice of Entry of Judgment of the Final Order was entered. (Exhibit C, Notice of Entry of Judgment). On March 23, 2020, the 60-day period to appeal the Final Order approving the Settlement Agreement expired. On or about April 20, 2020, the *Kramer/Mason* Plaintiffs received their settlement payments per the terms of the Settlement Agreement.

### **Argument**

Defendant's Motion to Strike or Dismiss the *Kramer/Mason* Plaintiffs will be made under Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the grounds that to allow the *Kramer/Mason* Plaintiffs – who have just received settlement proceeds covering their alleged claims against Defendant in the *Kramer* litigation – to also recover in the *Mason* case, would violate the principles of claim preclusion. In other words, in dismissing the *Kramer/Mason* Plaintiffs, the Court would be preventing them from "double-dipping" and thereby gaming the system to receive double recovery for one alleged wrong.

"Under the doctrine of res judicata, or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *EDP Med. Computer Sys., Inc. v. United States*, 480 F.3d 621, 624 (2d Cir. 2007) (internal quotation marks and citations omitted). "Thus, the doctrine bars later litigation if an earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action." *Id*. Here, claim preclusion requires dismissing/striking the *Kramer/Mason* Plaintiffs.

First, there was a final judgment on the merits. As noted above, a Notice of Entry of Judgment of the Final Order granting approval of the class-wide Settlement Agreement was entered on January 22, 2020; the deadline to appeal the Final Order approving the Settlement Agreement expired on March 23, 2020; and Defendant made the settlement payments to the *Kramer/Mason* Plaintiffs on or about April 20, 2020.

Second, the Settlement Agreement was approved by the Sacramento County Superior Court – a court of competent jurisdiction.

Third, the case involved the exact same parties – Defendant Lumber Liquidators, Inc. and the *Kramer/Mason* Plaintiffs.

Finally, the cases involve the same causes of action. Both cases involve claims based on the *Kramer/Mason* Plaintiffs' allegation that Lumber Liquidators misclassified them as exempt store managers and, thus, they are entitled to overtime wages for all hours worked over 40.

Honorable Margo K. Brodie
May 27, 2020
Page 3

The Second Circuit case of *Wolfert v. Transamerica Home First, Inc.* is on point. There, the plaintiff sought a declaratory judgment in New York federal court that the reverse mortgage entered into by the parties was unenforceable. *Wolfert v. Transamerica Home First, Inc.*, 439 F.3d 165, 166 (2d Cir. 2006). In opposition, the defendant argued that the plaintiff's claims were barred by a settlement and release in a class action in a California state court. *Id.* The release itself was broad and covered all claims "'of the described sort, even if the claim has not been asserted in the Action or is too individualized in its facts or relevant law to be suitable for class certification or uniquely arises under the laws of the borrower's home state. The notice adequately warned that state law claims were being released in the [class-wide] settlement." *Id.* at 176.

The district court concluded that "[plaintiff] was bound by the judgment of the California court [and] dismissed six of the eight claims [that fell within the scope of the class action release] as 'barred by claim preclusion arising out of the California judgment.'" *Id.* at 170. Thereafter, plaintiff appealed, and the Second Circuit affirmed the district court's ruling that res judicata applied based on the California state court's approval of a class action settlement. *See Id.*

This case is no different. The *Kramer* Class Members – who are also putative members of the *Mason* class/collective – are likewise barred by res judicata and claim preclusion from pursuing claims for unpaid overtime, for which they have already received settlement proceeds.

**Conclusion**

Accordingly, Defendant respectfully requests a pre-motion conference regarding its anticipated Motion to Strike or Dismiss *Kramer* Class Members, and thereafter seek leave to file its Motion because: (1) the 55 *Kramer/Mason* Plaintiffs have already released their overtime claims in a settlement agreement that was approved by a court of competent jurisdiction in a prior case involving the same party (Lumber Liquidators) and the same cause of action (unpaid overtime) and (2) no other claims in the *Mason* action applies to them.

We thank the Court for its time and consideration.

Respectfully submitted,

Christine L. Hogan

cc:    Counsel of Record (via ECF)