

**Justin R. Marino**, Principal    d: (212) 939 – 7228    f: (212) 531-6129
a: 75 Maiden Lane, Suite 402, New York, NY 10038    e: jmarino@stevensonmarino.com

June 3, 2020

**VIA ECF**

Honorable Margo K. Brodie
United States District Court, Courtroom 6F
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Mason et al. v. Lumber Liquidators*
               17-cv-04780 (MKB) (RLM)

Dear Judge Brodie:

      This office, together with Outten & Golden LLP, represents Plaintiffs in the above-referenced action. We write pursuant to Rule 3(A) of Your Honor's Individual Motion Practices and Rules to respond to Defendant's May 27, 2020 letter requesting a pre-motion conference to file a motion to Strike or Dismiss certain opt-in Plaintiffs pursuant to Rule 12(b)(6). *See* Defendant's Letter (filed May 27, 2020, Dkt. 191). For the reasons discussed below, Defendant's anticipated motion is moot or without merit.

      Defendant seeks to strike or dismiss 55 opt-in Plaintiffs in this case who were part of a $4.75 million settlement in *Kramer v. Lumber Liquidators, Inc.* (Case No. 34-2017-00222434, Cal. Super. Ct. Sacramento Cty.) (hereinafter, "*Kramer* Class Members"). Defendant claims that its motion will prevent these 55 individuals from improperly "double-dipping" on their unpaid overtime compensation, but such claim is no longer true or has never been true for several reasons.

      First, Defendant's *res judicata* argument will fail because the *Kramer* settlement involved only California state law claims for unpaid overtime and derivative claims. By contrast, these 55 opt-in Plaintiffs assert unpaid overtime claims here under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). Under *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015) and its progeny, a court must review a FLSA release to ensure that it is fair and equitable. No such review occurred by the California Superior Court because (1) FLSA claims were not before that court, and (2) Defendant did not remit any consideration for liquidated damages under the FLSA in order to render a valid FLSA release. Because "FLSA rights cannot be abridged by contract or otherwise waived [as] this would nullify the purposes of the statute and thwart the legislative policies it was designed to effectuate," the California settlement cannot impact these 55 individuals' FLSA claims here. *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 740 (1981) (quoting *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945)).

Honorable Margo K. Brodie
June 3, 2020
Page 2 of 2

Second, Plaintiffs disagree and do not concede that the *Kramer* Class Members were compensated for all wages owed during the *Kramer* settlement period (November 17, 2013 to September 17, 2019). Plaintiffs are willing to agree, however, that while a setoff of unpaid overtime compensation recovered in *Kramer* may be appropriate here, these 55 opt-in Plaintiffs are still entitled to liquidated damages and associated attorneys' fees and costs under the FLSA for two reasons: (1) liquidated damages are not available for California wage law claims seeking unpaid overtime (*see e.g.*, *Hernandez v. Martinez*, 12-cv-06133 (LHK), 2014 U.S. Dist. LEXIS 112405 (N.D. Cal. Aug. 13, 2014) (analyzing damages available for wage claims under California law and the Fair Labor Standards Act))[1]; and (2) it is undisputed that the *Kramer* settlement did not encompass liquidated damages. *See* Ex. 1, Settlement Agreement, ¶ 3.10.5 (each *Kramer* Class Member's consideration was allocated as follows: "one half will be allocated to wages . . . , one quarter will be allocated to interest . . . , and one quarter will be allocated to penalties pursuant to the California Labor Code for which an IRS Form 1099 will issue."). It was never the intent of the *Kramer* Plaintiffs to release FLSA claims as evidenced by the Settlement Agreement itself. *See* Ex. 1. Furthermore, liquidated damage claims under the FLSA may *not* be waived. *Brooklyn Sav. Bank*, 324 U.S. at 706-07. Finally, as this Court is aware, Defendant in this action *waived* its FLSA good faith defense,[2] and "conceded that if liability is established, plaintiffs will be entitled to liquidated damages." *See* Order (J. Mann) (Nov. 18, 2018, Dkt. 53).

Third, Defendant's motion purports to strike all *Kramer* Class Members, regardless of when they worked. This is temporally overbroad, as the *Kramer* Class Members only released California state law claims for the period from November 17, 2013 to September 17, 2019. Some of the 55 individuals worked and continue to work for Defendant after September 17, 2019. Thus, there is no legal justification for excluding their participation from this Action.

We thank Your Honor in advance for your consideration of the foregoing.

Respectfully submitted,

**/s/ Justin R. Marino**

Justin R. Marino

cc:   Defendant's Counsel (via ECF)

---

[1] California state law does permit liquidated damages for the failure to pay minimum wage. Cal. Code Regs. Tit. 8, § 1198. In this action and the *Kramer* lawsuit, there are only claims for failing to pay overtime, not minimum wages.

[2] *Compare* Def.'s Answer to Pls.' First Am. Compl., Aff. Defense No. 7 (asserting good faith) (filed Dec. 18, 2017, Dkt. 18), *with* Def.'s Am. Answer to Pls.' First Am. Compl. (no good faith defenses) (filed Feb. 16, 2018, Dkt. 26).