

Advocates for Workplace Fairness

August 28, 2020

**Via ECF**
The Honorable Roanne L. Mann
United States Magistrate Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *Mason v. Lumber Liquidators, Inc.*
               No. 17 Civ. 04780 (MKB)(RLM)

Dear Judge Mann:

      We represent Plaintiffs in the above-referenced matter and write pursuant to Fed. R. Civ. P. 37, Local Civil Rule ("LCR") 37.3, and Your Honor's Individual Rules of Practice to seek an order compelling Defendant to produce (1) the entire contents of three arbitration email inboxes it created for this litigation and the related California litigation, and (2) apply previously-agreed arbitration-related search terms to the email inboxes of three high-level corporate custodians of Defendant and then produce all responsive documents. As discussed further below, Plaintiff served written discovery seeking this highly relevant information on September 19, 2019, and Defendant failed to serve responses and objections not only within the 30-day deadline but at all, thereby waiving any objections it may have had to the discovery. Despite not producing this arbitration-related discovery (which seeks to obtain information as to how the arbitration agreement was developed and deployed, and how members of the collective responded to it *via* the company's own email inboxes—all of which is relevant to issues of procedural and substantive unconscionability), Defendant now threatens to move to compel arbitration. Plaintiffs have satisfied LCR 37.3 by meeting and conferring with Defendant numerous times by email and telephone in a good-faith effort to resolve this dispute.

Factual Background

      On or about April 4, 2019, Defendant unilaterally rolled out arbitration agreements to all putative collective members in a coercive and misleading manner, resulting in Your Honor granting Plaintiffs' May 16, 2019 (Dkt. 72) motion for sanctions in the form of a corrective notice and prohibition on Defendant communicating with putative collective members concerning arbitration. See Order (filed May 21, 2019, Dkt. 75). Plaintiffs also sought invalidation of the arbitration agreements, which the Court deferred. *Id.* On September 19, 2019, Plaintiffs served document requests seeking all documents and communications, including those sent or received by in-house counsel, concerning the arbitration agreements Defendant implemented, and all correspondence sent

**New York**  685 Third Avenue  25th Floor  New York, NY 10017  Tel (212) 245-1000  Fax (646) 509-2060
**San Francisco**  One California Street  12th Floor  San Francisco, CA 94111  Tel (415) 638-8800  Fax (415) 638-8810
**Washington DC**  601 Massachusetts Ave NW  Suite 200W  Washington, DC 20001  Tel (202) 847-4400  Fax (202) 847-4410

www.outtengolden.com

Hon. Roanne L. Mann
August 28, 2020
Page 2 of 4

to arbitration email inboxes Defendant created and maintained for purposes of this litigation and the related *Kramer* California litigation. Exhibit A (Plaintiff's Thirteenth Set of Document Requests, RFP Nos. 1 and 2).

Defendant has since interposed an affirmative defense that opt-in plaintiffs in this matter have binding arbitration agreements with the company *see* Operative Answer, Thirty-Third Affirmative Defense (Dkt. 160 at 22), and threatened motion practice if Plaintiffs do not consent to arbitrate the claims of 24 opt-ins. Exhibit B (June 3, 2020 correspondence from Defendant to Plaintiff).

Legal Argument

Defendant cannot dispute that Plaintiffs properly served this discovery, that it is material to critical issues in this litigation, or that Defendant failed to properly respond and object to it. As an initial matter, Defendant has consequently waived any objections it has to production of responsive documents and information to the discovery. *See Senat v. City of New York*, 255 F.R.D. 338, 339 (E.D.N.Y. 2009) (noting the "consistent authority that a failure to serve timely responses to interrogatories and document requests serves as a waiver of objections" and citing cases). Although this waiver may also extend to privilege, *see id.*, Plaintiffs do not raise that dispute now, and instead only seeks a privilege log for any documents withheld on the basis of privilege.

Plaintiffs' request is also proportionate to the issues in the litigation. Plaintiffs seek only (a) production of the three arbitration inboxes Defendant created and maintained[1]; (b) the use of *previously-agreed* search terms that were applied to Regional Managers' ("RMs'") inboxes[2]; and (c) the application of those search terms to only three additional custodians, Jay Keith, Defendant's VP of HR, Lee Reeves, Defendant's SVP and Chief Legal Officer, and Jim Dyer, Defendant's COO, all of whom are high-level managers integrally involved in the development and rollout of the arbitration agreements. Defendant has identified no burden in collecting five additional email inboxes. There is no burden in producing the entire contents of the three arbitration-related inboxes Defendant created, since no privilege or responsiveness review is even required. Further, the limited burden in collecting three additional inboxes, applying limited search terms, and conducting a privilege and responsiveness review is easily outweighed by the relevance of the information, especially since Defendant now threatens a motion to compel arbitration to which Plaintiff will argue that the arbitration development, rollout, and language was misleading, deceptive, and procedurally and substantively unconscionable. *See Certain Underwriters at Lloyd's v. Nat'l R.R. Passenger Corp.*, 318 F.R.D. 9, 14 (E.D.N.Y. 2016) ("In determining proportionality, courts balance the value of the requested discovery against the cost of its production.") (citations and quotation marks omitted).

Defendant's sole argument in opposition, which it raised during the meet and conferral process, is that it did not waive objections to this discovery and in fact had no need to serve responses

---

[1] These inboxes are Mason@lumberliquidators.com, Kramer@lumberliquidators.com, and HRwaiver@lumberliquidators.com.
[2] Exhibit C (correspondence reflecting the previously-agreed search terms for RM inboxes and noting the three arbitration email inxboes Defendant created). Defendant has completed production of responsive, non-privileged documents applying these search terms to the RMs' inboxes.

Hon. Roanne L. Mann
August 28, 2020
Page 3 of 4

and objections at all because the parties agreed to fold that discovery demand and all other discovery into their opt-in discovery stipulation, Dkt. 182 (filed Jan. 17, 2020). This is false.

Although Defendant initially agreed to produce all relevant information concerning arbitration discovery except privileged information, *see* Exhibit D, Defendant initially refused to search the RMs' inboxes on the basis that the Court previously found Plaintiffs were not entitled to the RMs inboxes. On October 25, 2019, Plaintiffs emailed Defendant an excerpt of the transcript from the May 21, 2019 hearing where Defendant acknowledged that RMs were involved in the arbitration rollout. Exhibit E. Ultimately, Defendant agreed that RMs (the supervisors of the opt-in plaintiffs) had relevant emails[3] to be produced. This agreement was reflected in the Stipulation by the addition of the language "and shall include search of all active RM inboxes post-April 2019 when the arbitration agreements were rolled out." Dkt. 182. Plaintiffs *never* agreed to withdraw the outstanding discovery and there is no written or oral agreement reflecting such withdrawal. Indeed, following meet-and-confer conferences, Defendant could not (and can not) point to any explicit or implicit agreement that Plaintiffs had withdrawn such discovery requests.

Although Plaintiffs believe Defendant waived its objections, Plaintiffs' counsel sought to work amicably with Defendant in order to seek a compromise. The parties discussed the issue by telephone on July 31, 2020, and then Plaintiffs followed up with a compromise proposal in writing on August 4, 2020. Exhibit F at 3-4 (August 4, 2020 correspondence from Michael N. Litrownik). Defendant repeatedly promised to get back to Plaintiffs with a response over the next two-and-a-half weeks, including, on August 20, that they would have a formal response "tomorrow." *Id.* To date, Defendant has still served formal responses. Plaintiffs' compromise proposal during the meet-and-confer process was slightly narrower than what is sought now (in that it limited the corporate custodians to two individuals instead of three), but after further review Plaintiffs believe that the application of search terms to the three corporate custodians identified in this letter is appropriate and proportionate.

Defendant's dilatory conduct in responding to Plaintiffs' compromise proposal has regrettably forced Plaintiffs to file this letter motion, given Defendant's looming threat to move to compel arbitration. For the reasons discussed above, Plaintiffs' motion to compel should be granted, and the Court should order the parties to meet and confer to effectuate this ESI discovery process and submit interim deadlines on the collection and review process to ensure expeditious production that Plaintiffs may use in opposing any motion to compel arbitration.

---

[3] During the May 21, 2019 Court conference, Defendant's counsel acknowledged that Regional Managers were involved with the execution of the arbitration agreements. *See* Exhibit G, 5:18-23 (Hogan: "The regional managers are encouraging employees to pick either checking the box and agreeing affirmatively or alternatively opting out formally so that there's no question one way or the other.")

Hon. Roanne L. Mann
August 28, 2020
Page 4 of 4

           Respectfully submitted,

           Michael N. Litrownik

cc:    Counsel of Record (via ECF)