UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
ASHLEIGH MASON, et al.,

                                        Plaintiffs,                  MEMORANDUM
                                                                 AND ORDER

                            -against-                            17-CV-4780 (MKB)

LUMBER LIQUIDATORS, INC.,

                                        Defendant.
-------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

       In April 2019, defendant sent arbitration agreements to all putative collective members in this Fair Labor Standards Act case, after which this Court instructed defendant to issue a corrective notice and prohibited defendant from further communicating with putative collective members concerning this lawsuit or arbitration.  See Minute Entry and Order (May 21, 2019), Electronic Case Filing Docket Entry ("DE") #75.  Plaintiffs now move to compel defendant to (1) produce the entire contents of three arbitration email inboxes it created for this litigation and a related California litigation, and (2) apply previously-agreed arbitration-related search terms to the email inboxes of three corporate custodians of defendant and produce all responsive documents.  See Letter Motion to Compel Arbitration-related ESI Discovery (Aug. 28, 2020), DE #205.

       The document requests underlying plaintiffs' motion to compel were served on September 19, 2019.  See id. at 1-2.  At the conclusion of a hearing held on January 3, 2020, the Court directed the parties to confer in good faith to resolve their remaining disputes over the scope of collective discovery.  See Minute Entry and Order (Jan. 3, 2020), DE #180.  Thereafter, the parties agreed on a Stipulation setting forth the scope of collective discovery, including information

concerning the arbitration agreement roll-out, see Proposed Scheduling Order re Scope of Collective Discovery (Jan. 17, 2020), DE #182, and this Court so-ordered the Stipulation on January 21, 2020, see Status Report Order (Jan. 21, 2020).

It is undisputed that the parties' agreement does not include the ESI sought here. If plaintiffs had a different understanding of the parties' agreement regarding the scope of arbitration-related discovery, they would not have waited until after almost one year from when their requests were served before moving to compel a response. The misunderstanding between the parties' counsel may be attributable to the fact that the pending motion to compel was filed by plaintiffs' co-counsel, who first appeared in this case several months after the parties reached agreement on the scope of collective discovery.

In any event, plaintiffs have made no showing to support their assumption that responsive documents are likely to be found in the email inboxes of the three custodians identified. Therefore, the Court concludes that the potential probative value of the outcome of a search is likely outweighed by the burden that would be imposed on defendant in having to run an additional ESI search.

Since defendant agreed to produce the entire contents of the three arbitration email inboxes, which are unquestionably relevant, the Court grants plaintiffs' motion to that limited extent.

    SO ORDERED.

**Dated:**   Brooklyn, New York
          September 9, 2020

                              /s/ *Roanne L. Mann*
                              **ROANNE L. MANN**
                              **UNITED STATES MAGISTRATE JUDGE**