

**Justin R. Marino**, Principal   d: (212) 939 – 7228   f: (212) 531-6129
a: 75 Maiden Lane, Suite 402, New York, NY 10038   e: jmarino@stevensonmarino.com

November 10, 2020

VIA ECF

Honorable Roanne L. Mann
Chief United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Mason, et al. v. Lumber Liquidators, Inc.*
               17-cv-4780 (MKB) (RLM)

Dear Chief Magistrate Judge Mann:

      This office, together with Outten & Golden LLP, represents Plaintiffs in the above-referenced action. On behalf of Plaintiffs, the undersigned, in furtherance of my duty to provide accurate statements to the court and correct any inaccuracies when known, presently seeks to clarify certain representations made in Plaintiffs' Opposition submitted to this Court on August 13, 2020 (Dkt. 202, 1-9) to Defendant's Motion to Dismiss Claims of Kramer Plaintiffs.

      Specifically, Plaintiffs made references that the Court in *Kramer* was "unaware" of the lawsuit in *Mason,* and thus, could not have engaged in any fairness review. *See* Dkt. 202. The basis for this position was that the undersigned, at the time of our submission of the Opposition, did not identify any references in *Kramer* to the *Mason* lawsuit or Fair Labor Standards Act ("FLSA") claims, in general. In particular, the court in *Kramer,* in both the preliminary and final approval of the class action settlement, made no references to *Mason* lawsuit or Fair Labor Standards Act ("FLSA"). Accordingly, Plaintiffs believed that the court in *Kramer* was unaware of both the *Mason* lawsuit and the FLSA claims raised therein.

      Based on the Court's November 4th Order, which required the parties to review all submissions to the court in *Kramer,* the undersigned identified both paragraph 29 of the Memorandum of Understanding ("MOU") (Dkt. 212-2), and paragraphs 19-21 of the Marino Decl. In Support of Motion For Preliminary Approval Of Settlement. In particular, paragraph 19 provides:

> In addition to the instant case, Stevenson Marino, LLP also represents the plaintiffs in a nationwide action under the federal Fair Labor Standards Act which is currently pending in United States District Court for the Eastern District of New York, captioned *Mason, et al. v. Lumber Liquidators, Inc.*, case number 1:17-cv-04780-MKB-RLM.  That action has been conditionally certified for class treatment.  The

Honorable Roanne L. Mann
November 10, 2020
Page 2 of 2

>FLSA claims at issue in that matter were not litigated in the instant case and are not being released as part of this settlement.

*See* Dkt. 212-3, ¶ 19.

Based on paragraph 29 of the MOU and paragraph 19 of the declaration submitted in support of preliminary approval in *Kramer*, the undersigned seeks to correct its prior representations to the Court to note that the *Kramer* court was on notice of the existence of the *Mason* lawsuit. Further, based on paragraph 19 of such declaration, the *Kramer* court was put on notice of the FLSA claims and that such claims were not being released as part of the settlement.

Omitting reference to paragraph 19 to this Court in Plaintiffs' Opposition was an oversight, as our renewed search of the pleadings in *Kramer* only occurred as a result of Your Honor's November 4th Order. Obviously, Plaintiffs would have principally relied on the language in Paragraph 19 in its opposition to Defendant's motion to strike the *Kramer* Plaintiffs had it not been for such oversight.

We thank the Court for its consideration of the foregoing.

Respectfully submitted,

**/s/ Justin R. Marino**

Justin R. Marino

cc:   Defendant's Counsel (via ECF)