

Advocates for Workplace Fairness

October 12, 2021

**Via ECF**
The Honorable Roanne L. Mann
United States Magistrate Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *Mason v. Lumber Liquidators, Inc.*
               No. 17 Civ. 04780 (RLM)

Dear Judge Mann:

      Together with Stevenson Marino LLP, we represent Plaintiffs in the above-referenced matter. We submit this Supplemental Motion for Approval of Collective Action Settlement, Service Awards, and Attorneys' Fees and Costs to address the concerns raised by the Court at the August 12, 2021 status conference. Enclosed with this letter as **Exhibit 1** is the Parties' revised Joint Stipulation of Settlement and Release (the "Revised Agreement") and accompanying exhibits A ("[Proposed] Order Approving Settlement, Service Awards, and Attorneys' Fees and Costs") and B ("Official Court Notice of Settlement").

      ***Allocation Formula.*** The Parties' Revised Agreement amends the allocation formula for payments to Eligible Settlement Participants[1] in response to the Court's fairness concerns regarding compensation for non-exempt workweeks. Revised Agreement § 3.4(B). The Parties' allocation formula compensates Eligible Settlement Participants for any weeks worked as a non-exempt classified Store Manager in Training ("SMIT") outside of California (exclusion explained below) in consideration for the release of claims accrued during those weeks. *Id.*; *see id.* § 4.1 (providing for release of "any and all wage-related claims . . . accrued during the time period that I worked . . . as a Store Manager or Store Manager in Training" through the "earlier of December 31, 2021 or the Approval Date"). The allocation formula, though, accounts for the fact that non-exempt classified SMITs received an overtime premium by awarding only 1.5 points for these non-exempt workweeks, in contrast to the 7.5 points awarded for each workweek worked as an exempt-classified SMIT (and 5 points awarded for each workweek worked as an exempt-classified Store Manager). *Id.* § 3.4(B).

---

[1]    As expressly stated in the Revised Agreement, Eligible Settlement Participants will have "worked at least one workweek as an exempt-classified" Store Manager or Store Manager in Training. Revised Agreement § 1.10.

**New York**  685 Third Avenue  25th Floor  New York, NY 10017  Tel (212) 245-1000  Fax (646) 509-2060
**San Francisco**  One California Street  12th Floor  San Francisco, CA 94111  Tel (415) 638-8800  Fax (415) 638-8810
**Washington DC**  601 Massachusetts Ave NW  Suite 200W  Washington, DC 20001  Tel (202) 847-4400  Fax (202) 847-4410

www.outtengolden.com

The Revised Agreement does not compensate Eligible Settlement Participants for workweeks worked as non-exempt classified SMITs in California, however, because of pending class litigation against Lumber Liquidators in California state court brought by a plaintiff who has alleged wage and hour claims on behalf of non-exempt employees.[2] *Savidis v. Lumber Liquidators, Inc.*, No. RG20057480, Alameda County Superior Court. In order to ensure that Eligible Settlement Participants who worked as non-exempt SMs or SMITs in California retain the right to participate in the *Savidis* action and settlement, the Parties agreed to exclude workweeks worked as non-exempt classified SMs or SMITs in California from the Revised Agreement's allocation formula and release. *See* Revised Agreement §§ 3.4(B), 4.1 (expressly excluding "claims that have been asserted in *Savidis v. Lumber Liquidators, Inc.*" from the scope of claims being released by participating Eligible Settlement Participants).

*New York Non Opt-Ins.*[3] The Parties have agreed to a revised settlement process for the New York Non Opt-Ins in response to the Court's statement that it would otherwise be inclined to adopt the rationale of *Xiao Ling Chen v. XpresSpa at Terminal 4 JFK LLC*, No. 15 Civ. 1347, 2018 WL 1633027 (E.D.N.Y. Mar. 30, 2018), and *Douglas v. Allied Universal Security Services*, 381 F. Supp. 3d 239 (E.D.N.Y. 2019). Subject to Court approval, the Parties will issue notice to the New York Non Opt-Ins providing them an opportunity to opt into this action before the Court issues an order on the Parties' settlement approval motion. Because the Parties could not agree on whether the settlement amount allocation should be included in the notice to the New York Non Opt-Ins, the Parties have submitted two versions of a proposed notice to the New York Non Opt-Ins for the Court's review and ruling (as to which version is more appropriate), together with this submission. Moreover, under the Revised Agreement as in the original Agreement, the settlement allocation formula does not distinguish between SMs and SMITs who were employed in New York on the basis of whether they have already opted into this action; both New York SMs and SMITs who have already joined this action and those who will receive the Parties' proposed notice will be awarded points for weeks worked "from April 22, 2011 through the earlier of December 31, 2021 or the Approval Date." Revised Agreement § 1.28.

*Motion to Substitute.* In response to the Court's comments regarding the need to substitute deceased opt-in plaintiffs in Fair Labor Standards Act actions, Plaintiffs will be submitting a Motion to Subtitute for the deceased named plaintiff Travis Streeter and deceased opt-in plaintiffs Michael Becker and Greg Hutchings. Plaintiffs anticipate submitting a Motion to Subtitute on or before October 18, 2021.

*Computerized Legal Research Costs.* Plaintiffs have elected to withdraw their request for reimbursement of $1,423.54 in computerized legal research costs. The Court stated a

---

[2] On September 22, 2021, the *Savidis* court granted the plaintiff's Motion for Preliminary Approval of Class Settlement. A hearing on the Motion for Final Approval of Class Settlement in *Savidis* is currently set for January 24, 2022.

[3] The Parties use the term "New York Non Opt-Ins" to refer to individuals who worked for Defendant in New York State as Store Managers ("SMs") or Store Managers in Training ("SMITs") for the time period from April 22, 2011 through the present who have not yet opted into this action.

concern that some computerized research costs may not be reimbursable because they may be properly categorized as firm overhead. Although Plaintiffs believe that there is authority to the contrary, and only part of their computerized research costs fall into this category, Plaintiffs have chosen not to cause the Court or the Parties to spend further time on the issue given the relatively small amount of the total expenditure for computerized research. Plaintiffs therefore respectfully request that the Court approve a revised $42,987.67 in reasonable costs and litigation expenses incurred through July 16, 2021. Following the close of the notice period for the New York Non Opt-Ins, Plaintiffs will file a supplemental submission reflecting the additional costs incurred and time expended since July 16, 2021, including the administrator's costs of distributing the notice to the New York Non Opt-Ins.

* * *

      For all of the above reasons, as well as those set out in Plaintiffs' Unopposed Motion for Approval of Settlement, Service Awards, and Attorneys' Fees and Costs, ECF No. 233, the Parties' Revised Agreement enclosed herein should be approved and the Court should enter the "[Proposed] Order Approving Settlement, Service Awards, and Attorneys' Fees and Costs" attached as Exhibit A to the Revised Agreement.

Respectfully submitted,

Justin M. Swartz

cc: Counsel of Record (via ECF)