

**Justin R. Marino**, Principal   d: (212) 939 – 7228   f: (212) 531-6129
a: 75 Maiden Lane, Suite 402, New York, NY 10038   e: jmarino@stevensonmarino.com

November 10, 2021

**VIA ECF**
Honorable Roanne L. Mann
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Mason, et al. v. Lumber Liquidators, Inc.*
             17-cv-4780 (RLM)

Dear Magistrate Judge Mann:

      This office, together with Outten & Golden LLP, represents Plaintiffs in the above-referenced action. We write to request the Court to set a date certain when Defendant must produce all data necessary in order to comply with the Court's November 4, 2021 Order (the "Order").

      The Order resolved a dispute between the Parties as to whether the notice to New York Non-Opt Ins should provide estimated settlement amounts. The Order approved Plaintiffs' proposed notice, which includes an estimated settlement amount per individual, because it was "the best notice practicable under the circumstances and allows the New York Non-Opt-Ins a full and fair opportunity to consider the proposed settlement and to determine whether they want to participate in a settlement."[1] *See* Order.

      Defendant is in exclusive control and custody of the information necessary to calculate these estimates; without the data from Defendant, Plaintiffs are incapable of complying with the Court's Order. Based on our prior difficulties in getting Defendant to produce the information necessary to comply with the Court's Order granting conditional certification,[2] the undersigned contacted Defendant's counsel at 9:56 a.m. on November 5th requesting the specific date by which Defendant would produce the workweek and contact information. Defendant initially responded

---

[1] The Order approved Plaintiffs' proposed notice with the condition that that the New York Non-Opt Ins be given the opportunity to retain their own counsel or proceed without counsel. Plaintiffs intend to submit a final revised notice and proposed Consent to Join Form shortly for the Court's approval that reflects the Court's instruction.

[2]    *See, e.g.*, Plaintiffs' Motion to Compel Defendant to comply with the Court's May 13, 2019 Order (Dkt No. 80); Electronic Order to Show Cause (Ordered May 31, 2019); Memorandum and Order granting in substantial part Motion to Compel (Dkt. No. 84); June 13, 2019 Order (requiring Defendant to produce outstanding information by June 14, 2019).

Honorable Roanne L. Mann
November 10, 2021
Page 2 of 2

that it would only produce last known addresses within 10 days and had no obligation "at this time" to produce any more information. Following Plaintiffs' November 5 request that Defendant reconsider its position, Defendant responded on November 9, and stated that it would provide the requested information. Defendant's counsel, however, advised that the contact at Defendant was out of the office until "early next week," and today (in response to Plaintiffs' request for a specific time frame for production) responded that it will produce the data by December 6 (i.e., 32 days following the Order).[3]

Given the delay Plaintiffs encountered when the Court previously approved the request to issue § 216(b) notice (when Defendant only produced the information after the Court set a deadline and many weeks had passed), Plaintiffs respectfully request the Court Order Defendant to produce all relevant information by December 6 or some time earlier to avoid any further delay, particularly in light of the upcoming holidays.[4]

Plaintiffs thank the Court for its consideration of the foregoing.

Respectfully submitted,

**/s/ Justin R. Marino**

Justin R. Marino

cc:     Defendant's Counsel (via ECF)

---

[3] We note that Defendant previously committed in the Settlement Agreement to being able to produce all necessary data "[w]ithin fourteen (14) days of the Approval Date . . . " *See* Settlement Agreement, ¶ 2.7.

[4] Defendant's representation, in the absence of a Court Order, will in all likelihood be subject to further delays and extensions, as has been the case throughout the multi-year litigation.