

Littler Mendelson, PC
900 Third Avenue
New York, NY  10022.3298

November 15, 2021

Eli Z. Freedberg
212.583.2685 direct
212.583.9600 main
efreedberg@littler.com

**VIA ECF**

Chief Magistrate Judge Roanne L. Mann
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re:**   *Mason, et al. v. Lumber Liquidators, Inc.*;
         Case No. 17-cv-04780 (MKB) (RLM)

Dear Judge Mann:

This firm represents Defendant Lumber Liquidators, Inc. in the above-referenced matter.  In accordance with Your Honor's November 10, 2021 Order directing Defendant to show cause "why [D]efendant should not be ordered to produce the contact information [of New York Non Opt-Ins] by November 18, 2021", Defendant writes to inform the Court that it can produce that information by November 18 and had in fact already agreed with Plaintiffs' counsel to produce that information expeditiously prior to their filing of their motion to compel on November 10, 2021. *See* Dkt. 254.

The other information that Defendant has also agreed to produce is updated class and collective pay data so that the parties may perform updated calculations on individualized settlement amounts of each New York Non Opt-In as well as each collective member who are already part of the lawsuit.  Plaintiffs' counsel asked Defendant to produce this data even though Defendant is under no obligation to produce this data in accordance with the terms of the parties' settlement agreement and even though Plaintiffs' counsel's demand for these records requires a re-writing of the settlement agreement.  Indeed, in accordance with the settlement agreement, this pay data must be produced "[w]ithin fourteen (14) days of the Approval Date." *See* Revised Settlement Agreement (Dkt 242-1, ¶ 2.7).  The Approval Date is defined as "the date on which the Approval Motion is granted." (*Id.*, ¶ 1.3).  However, Your Honor has ***not*** yet approved the settlement and has in fact already unambiguously stated that "the [Approval Motion] (DE #233, DE #242) is premature until the opt-in period has concluded, [and] the Motion papers will be deemed withdrawn, subject to refiling promptly after the deadline to opt-in." *See* November 4, 2021 Order.

Despite being under no obligation to do so, Defendant agreed, in good faith and to avoid any unnecessary legal fees, to produce the updated class and collective pay data so that the parties may expeditiously move toward disseminating the notice of pendency to the New York Non Opt-Ins once their individualized settlement amounts have been calculated in accordance with the

Chief Magistrate Judge Roanne L. Mann
November 15, 2021
Page 2

allocation formula in the revised settlement agreement.  Defendant last produced these records on March 26, 2021, shortly before the parties' ultimately successful mediation.  Defendant has further proposed to Plaintiffs' counsel to produce the remaining data on or before December 6, 2021 (Monday),[1] which is in line with the amount of time that Your Honor previously provided Defendant to produce similar information following the order granting in part Plaintiffs' motion for conditional certification on May 3, 2019. *See* 6/5/2019 Order Post-Conditional Certification ("Defendant suggests that only a single employee of this nationwide business is capable of compiling the necessary data … Even assuming arguendo that another employee or outside vendor could not be entrusted with this task, defendant has already had more than three weeks to commence the compilation process. The Court declines to grant defendant another two weeks. Instead, defendant is directed to produce the Compilation Data within one week, by June 12, 2019 [i.e., 30 days from the May 13, 2019 Order granting conditional certification].")

Considering that Defendant has already agreed to produce all the requested data, even though it is under no obligation to do so in accordance with the settlement agreement, it must be said that Plaintiffs' counsel's decision to file their November 10, 2021 letter demonstrates enormous chutzpah.  Plaintiffs' counsel simply cannot take yes for an answer and their filing is made in bad faith.  Defendant simply needs time to gather and collect the updated class and collective pay data, and Defendant's counsel in turn must review, redact, and produce that information.  Moreover, because of the upcoming Thanksgiving holidays and because of our main client contact's absence from the office this past week, Defendant had informed Plaintiffs' counsel and hereby respectfully requests that the Court grant Defendant a deadline of December 6, 2021 to produce the updated class and collective pay data of all collective members and New York Non Opt-Ins (*and not just contact information* that the November 10, 2021 Order to Show Cause only addresses), which it believes is reasonable under the circumstances.

We thank Your Honor for your attention and consideration in this matter.

Respectfully submitted,

*Eli Z. Freedberg*
Eli Z. Freedberg

---

[1] The thirtieth (30th) day from Your Honor's November 4, 2021 Order is technically December 4, 2021.  However, because December 4 falls on a Saturday, Defendant asked for the following Monday (December 6) to produce the updated class and collective pay data.